MIDLIGE RICHTER, LLC
121 Union Avenue
Middlesex, New Jersey 08846
(908) 626-0622
James S. Richter

*Attorneys for Defendants,*
*Somerset Therapeutics, LLC, Somerset Pharma, LLC,*
*Somerset Therapeutics Private Limited f/k/a*
*Somerset Therapeutics Limited and*
*Odin Pharmaceuticals, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| XERIS PHARMACEUTICALS, INC., AND STRONGBRIDGE DUBLIN LIMITED,<br><br>Plaintiffs,<br>v.<br><br>SOMERSET THERAPEUTICS, LLC, SOMERSET PHARMA, LLC, SOMERSET THERAPEUTICS PRIVATE LIMITED f/k/a SOMERSET THERAPEUTICS LIMITED, ODIN PHARMACEUTICALS, LLC, TORRENT PHARMA INC., AND TORRENT PHARMACEUTICALS LIMITED,<br><br>Defendants. | Honorable Julien X. Neals, U.S.D.J.<br><br>Civil Action No. 26 CV 2044 (JXN)(JBC)<br><br>**DEFENDANTS SOMERSET THERAPEUTICS, LLC, SOMERSET PHARMA, LLC, SOMERSET THERAPEUTICS PRIVATE LIMITED, ODIN PHARMACEUTICALS, LLC'S ANSWER, SEPARATE DEFENSES, AND COUNTERCLAIMS** |

Defendants Somerset Therapeutics, LLC, Somerset Pharma, LLC, Somerset Therapeutics Private Limited f/k/a Somerset Therapeutics Limited, and Odin Pharmaceuticals, LLC (collectively, "Somerset"), by and through its undersigned counsel, provide the following answers, separate defenses, and counterclaims to the Complaint of patent infringement ("Complaint") of Plaintiffs Xeris Pharmaceuticals, Inc., and Strongbridge Dublin Limited (collectively, "Plaintiffs"). This pleading is based upon Somerset's knowledge as to their own activities, and

upon information and belief as to other matters. Pursuant to Fed. R. Civ. P. 8(b)(3), Somerset denies all allegations in Plaintiffs' Complaint except those admitted specifically below.

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and in particular under 35 U.S.C. § 271(e)(2). This action arises from the Somerset Defendants' and the Torrent Defendants' submissions of Abbreviated New Drug Applications ("ANDAs") to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture, market, and sell generic versions of Plaintiffs' highly successful pharmaceutical product, RECORLEV®, prior to the expiration of Plaintiffs' U.S. Patent Nos. 11,020,393 (the "'393 Patent"); 11,278,547 (the "'547 Patent"); 11,903,940 (the "'940 Patent"); and 12,377,096 (the "'096 Patent") (collectively, the "Asserted Patents").

**ANSWER**: Somerset admits that Somerset Therapeutics, LLC submitted ANDA No. 221137 ("Somerset's ANDA") to the FDA seeking approval to commercially market a generic version of levoketoconazole tablets ("Somerset's Proposed Product") prior to the expiration of the Asserted Patents. Somerset further admits that Plaintiffs' Complaint purports to bring an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 et seq., but denies that Plaintiffs are entitled to any relief. Somerset denies the remaining allegations of this paragraph, and lacks knowledge or information sufficient to form a belief as to any allegations relating to the Torrent Defendants.

## RECORLEV®

2. RECORLEV® (levoketoconazole) is a groundbreaking oral cortisol synthesis inhibitor that represents an important therapeutic advance for the treatment of endogenous hypercortisolemia in adult patients with Cushing's syndrome for whom surgery is not an option or has not been curative.

**ANSWER**: Somerset lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore denies the same.

3. Cushing's syndrome is a rare and serious endocrine disorder caused by chronic elevated cortisol exposure. The disease's multisystem complications are potentially life-threatening, including metabolic changes, high blood pressure, tissue fragility, and psychological disturbances. Normalization of cortisol levels is the first and most important clinical objective in

treating the disease.

**ANSWER**: Somerset lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore denies the same.

4. RECORLEV® was developed through the innovative work of scientists at Strongbridge Biopharma plc (then known as Cortendo AB) who recognized the need for a targeted cortisol synthesis inhibitor. Strongbridge scientists discovered that levoketoconazole, the 2S,4R enantiomer of ketoconazole (chemical name: 2S,4R cis-1-acetyl-4-[4-[[2-(2,4-dichlorophenyl)-2-(1H-imidazol-1-ylmethyl)-1,3-dioxolan-4-yl] methoxyl]phenyl] piperazine), potently inhibits key enzymes involved in cortisol biosynthesis. This inventive insight led to the development of RECORLEV® as a purified, single-enantiomer drug specifically optimized for treating Cushing's syndrome. By targeting cortisol synthesis directly, RECORLEV® addresses the underlying pathophysiology of the disease—the first drug to do so.

**ANSWER**: Somerset lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore denies the same.

5. In October 2021, Xeris Pharmaceuticals, Inc. acquired Strongbridge Biopharma plc, thereby acquiring RECORLEV® and all associated intellectual property rights, including the Asserted Patents. Through this acquisition, Plaintiffs assumed and continued Strongbridge's legacy of research in unique therapies for overlooked patient populations that have critical impacts on people's lives.

**ANSWER**: Somerset lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore denies the same.

6. On December 30, 2021, FDA approved New Drug Application ("NDA") No. 214133 for RECORLEV®. FDA granted RECORLEV® orphan drug exclusivity, recognizing the critical unmet medical need for effective therapies for patients with Cushing's syndrome. Xeris markets RECORLEV® (levoketoconazole) in the United States pursuant to the RECORLEV® NDA and Plaintiffs continue to invest in its clinical development.

**ANSWER**: Somerset admits that the FDA's website indicates that NDA No. 214133 was approved for RECORLEV® (levoketoconazole). Somerset lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore denies the same.

## PARTIES

7. Plaintiff Xeris is a corporation organized and existing under the laws of the State of Delaware, with its corporate offices and principal place of business at 1375 W. Fulton St., Suite 1300, Chicago, Illinois 60607. Xeris discovers, develops, manufactures, and markets innovative products to improve patient lives.

**ANSWER**: Somerset lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore denies the same.

8. Xeris is the assignee and owner of the Asserted Patents.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that on their face, the Asserted Patents list Xeris Pharmaceuticals, Inc. as the assignee. Somerset otherwise denies the remaining allegations of this paragraph.

9. Plaintiff Strongbridge is a private limited company organized and existing under the laws of Ireland, with a principal place of business at 25-28 North Wall Quay, Dublin 1, Ireland.

**ANSWER**: Somerset lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore denies the same.

10. Strongbridge is the exclusive licensee of the Asserted Patents and holds NDA No. 214133 for RECORLEV®.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore denies the same.

### *Somerset*

11. On information and belief, Defendant Somerset Therapeutics, LLC ("Somerset Therapeutics") is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873. On information and belief, Somerset Therapeutics holds (or will hold) any intellectual property rights and marketing authorizations for the Somerset Defendants' generic levoketoconazole oral tablets.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To

the extent a response is required, Somerset admits that Somerset Therapeutics, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873. Somerset further admits that Somerset Therapeutics, LLC submitted ANDA No. 221137 to the FDA. Somerset denies the remaining allegations of this paragraph.

12. On information and belief, Defendant Somerset Pharma, LLC ("Somerset Pharma") is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873. On information and belief, Somerset Pharma is a wholly owned subsidiary of Somerset Therapeutics. On information and belief, Somerset Pharma is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the United States market, including in this judicial district.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that Somerset Pharma, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873. Somerset otherwise denies the remaining allegations of this paragraph.

13. On information and belief, Defendant Somerset Therapeutics Private Limited f/k/a Somerset Therapeutics Limited ("Somerset Limited") is a corporation organized and existing under the laws of India, having a corporate headquarters at 54/1, Budihal, Nelamangala, Bengaluru 562 123, Karnataka, India. On information and belief, Somerset Limited plays a crucial role in the production and supply of the Somerset Defendants' generic drug products.

**ANSWER:** Somerset admits that Somerset Therapeutics Private Limited f/k/a Somerset Therapeutics Limited is a corporation organized and existing under the laws of India. Somerset otherwise denies the remaining allegations of this paragraph.

14. On information and belief, Defendant Odin Pharmaceuticals, LLC ("Odin") is limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873. On further information and belief, Odin operates as a research and development facility that supports all research and development efforts undertaken by the Somerset Defendants with respect to their generic drug products.

**ANSWER**: Somerset admits that Odin Pharmaceuticals, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873. Somerset otherwise denies the remaining allegations of this paragraph.

15. On information and belief, Somerset Therapeutics, Somerset Pharma, Somerset Limited, and Odin collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of generic drug products for sale in the United States, including in New Jersey. On further information and belief, Somerset Therapeutics, Somerset Pharma, Somerset Limited, and Odin are agents of one another and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

16. On information and belief, the Somerset Defendants are in the business of, among other things, developing, manufacturing, obtaining regulatory approval, marketing, selling, importing, and distributing generic copies of branded pharmaceutical products, throughout the United States, including in New Jersey.

**ANSWER**: Somerset admits that it is engaged in developing, manufacturing, and marketing pharmaceutical products, including in the United States. Somerset otherwise denies the remaining allegations of this paragraph.

17. On information and belief, Somerset Therapeutics, in collaboration with the other Somerset Defendants, caused ANDA No. 221137 to be submitted to FDA and seeks FDA approval of ANDA No. 221137.

**ANSWER**: Somerset admits that Somerset Therapeutics, LLC submitted ANDA No. 221137 to FDA. Somerset otherwise denies the remaining allegations of this paragraph.

18. On information and belief, the Somerset Defendants acted collaboratively in preparing and submitting ANDA No. 221137 and continue to act collaboratively in pursuing FDA approval of ANDA No. 221137 and seeking to market the Somerset ANDA Product (defined below) in the United States, including in the State of New Jersey.

**ANSWER**: Somerset admits that Somerset Therapeutics, LLC submitted ANDA No.

221137 to FDA. Somerset otherwise denies the remaining allegations of this paragraph.

19. On information and belief, the Somerset Defendants intend to commercially manufacture, market, offer for sale, and sell the Somerset ANDA Product throughout the United States, including in the State of New Jersey, in the event FDA approves ANDA No. 221137.

**ANSWER**: Somerset admits that Somerset Therapeutics, LLC submitted ANDA No. 221137 to the FDA seeking approval to commercially market a generic version of levoketoconazole tablets. Somerset otherwise denies the remaining allegations of this paragraph.

20. On information and belief, the Somerset Defendants rely on material assistance from one another to market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of New Jersey. On information and belief, the Somerset Defendants intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell the Somerset ANDA Product, in the event FDA approves ANDA No. 221137.

**ANSWER**: Somerset denies the allegations of this paragraph.

*Torrent*

21-27. [Paragraphs 21 through 27 relate solely to the Torrent Defendants.]

**ANSWER**: These allegations are directed to a Defendant other than Somerset, and therefore no answer is required.

## JURISDICTION AND VENUE

28. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset does not contest subject matter jurisdiction for the purposes of this action only, and expressly reserves the right to contest subject matter jurisdiction in any other case as to any party. Somerset otherwise denies the remaining allegations of this paragraph.

*Somerset*

29. This Court has personal jurisdiction over Somerset Therapeutics because Somerset Therapeutics has its principal place of business in New Jersey and has registered to do business

with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0451084958. Somerset Therapeutics has thus consented to personal jurisdiction in New Jersey.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Somerset otherwise denies the remaining allegations of this paragraph.

30. This Court has personal jurisdiction over Somerset Pharma because Somerset Pharma has its principal place of business in New Jersey and has registered to do business with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0450400310. Somerset Pharma has thus consented to personal jurisdiction in New Jersey.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Somerset otherwise denies the remaining allegations of this paragraph.

31. This Court has personal jurisdiction over Somerset Limited because, inter alia, on information and belief, Somerset Limited has continuous and systematic contacts with the State of New Jersey, regularly conducts business in the State of New Jersey, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of New Jersey, and intends to sell the Somerset ANDA Product in the State of New Jersey upon approval of ANDA No. 221137. In the alternative, this Court has personal jurisdiction over Somerset Limited in the State of New Jersey under Federal Rule of Civil Procedure 4(k)(2) because Somerset Limited is not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction over it is consistent with the United States Constitution and laws.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Somerset otherwise denies the remaining allegations of this paragraph.

32. This Court has personal jurisdiction over Odin because Odin has its principal place

of business in New Jersey and has registered to do business with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0450315269. Odin has thus consented to personal jurisdiction in New Jersey.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Somerset otherwise denies the remaining allegations of this paragraph.

33. On information and belief, the Somerset Defendants are in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which the Somerset Defendants manufacture, distribute, market, and/or sell throughout the United States and in this judicial district.

**ANSWER**: Somerset admits that it is engaged in developing, manufacturing, and marketing pharmaceutical products, including in the United States. Somerset otherwise denies the remaining allegations of this paragraph.

34. On information and belief, the Somerset Defendants are licensed to sell generic and proprietary pharmaceutical products in the State of New Jersey, either directly or through one or more of their wholly owned subsidiaries, agents, and/or alter egos.

**ANSWER**: Somerset admits that it is licensed to sell generic and proprietary pharmaceutical products in the State of New Jersey. Somerset otherwise denies the remaining allegations of this paragraph.

35. The Somerset Defendants have committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture and market RECORLEV® for sale and use throughout the United States, including in this judicial district. On information and belief and as indicated by a letter dated February 6, 2026, sent by Somerset Therapeutics to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B), the Somerset Defendants prepared and filed Somerset's ANDA with the intention of seeking to market the Somerset ANDA Product nationwide, including within this judicial district.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that on February 6, 2026, Somerset

Therapeutics, LLC sent Plaintiffs a Notice Letter pursuant to 21 U.S.C. § 355(j)(2)(B). Somerset admits that Somerset Therapeutics, LLC submitted ANDA No. 221137 to the FDA. Somerset otherwise denies the remaining allegations of this paragraph.

36. On information and belief, the Somerset Defendants plan to sell the Somerset ANDA Product in the State of New Jersey, list the Somerset ANDA Product on the State of New Jersey's prescription drug formulary, and seek Medicaid reimbursements for sales of the Somerset ANDA Product in the State of New Jersey, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Somerset otherwise denies the remaining allegations of this paragraph.

37. On information and belief, the Somerset Defendants derive substantial revenue from the marketing, manufacture, and/or sale of generic pharmaceutical products in the United States and in the State of New Jersey.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Somerset otherwise denies the remaining allegations of this paragraph.

38. On information and belief, the Somerset Defendants know and intend that the Somerset ANDA Product will be distributed and sold in the State of New Jersey and will thereby displace sales of RECORLEV®, causing injury to Plaintiffs. The Somerset Defendants intend to take advantage of their established channels of distribution in the State of New Jersey for the sale of the Somerset ANDA Product.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Somerset otherwise denies the remaining allegations of this paragraph.

39. On information and belief, Somerset Therapeutics, with the aid of Somerset Pharma, Somerset Limited, and Odin, filed the ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Somerset Defendants' generic levoketoconazole oral tablets in the United States, including in the State of New Jersey.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Somerset further admits that Somerset Therapeutics, LLC submitted ANDA No. 221137 to FDA. Somerset otherwise denies the remaining allegations of this paragraph.

40. On information and belief, Somerset Therapeutics, Somerset Pharma, and Odin regularly invoke the jurisdiction of the courts of this judicial district by pleading claims and counterclaims in pharmaceutical patent infringement actions in this District. *See, e.g., American Regent, Inc. v. Somerset Therapeutics, LLC et. al.*, C.A. No. 24-1022, ECF No. 12 (D.N.J. Apr. 1, 2024); *In re Selenious Acid Litigation*, C.A. No. 24-7791, ECF No. 73 (D.N.J. Jan. 9, 2025). On further information and belief, Somerset Therapeutics, Somerset Pharma, and Odin have also not contested personal jurisdiction or venue in pharmaceutical patent litigation in this judicial district.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that Somerset was a party to the lawsuits identified in this paragraph. Somerset does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Somerset otherwise denies the remaining allegations of this paragraph.

41. For at least the above reasons, it would not be unfair or unreasonable for the Somerset Defendants to litigate this action in this District, and the Somerset Defendants are subject to personal jurisdiction in this District.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction and venue in any other case as to any party. Somerset otherwise denies the remaining allegations of this

paragraph.

42. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and (d), and 1400(b).

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset does not contest venue for the purposes of this action only, and expressly reserves the right to contest venue in any other case as to any party. Somerset otherwise denies the remaining allegations of this paragraph.

43. Venue is proper at least because on information and belief, the Somerset Defendants submitted ANDA No. 221137 from their Somerset, New Jersey place of business and therefore the Somerset Defendants have committed acts of infringement and have a regular and established place of business in New Jersey for the purposes of venue.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that Somerset Therapeutics, LLC has a place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873. Somerset does not contest venue for the purposes of this action only, and expressly reserves the right to contest venue in any other case as to any party. Somerset otherwise denies the remaining allegations of this paragraph.

44. Venue is proper against Somerset Therapeutics, Somerset Pharma, and Odin because, inter alia, they maintain a regular and established place of business in this District and have committed an act of infringement in this District.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that Somerset Therapeutics, LLC, Somerset Pharma, LLC, and Odin Pharmaceuticals, LLC each have a place of business in this District. Somerset does not contest venue for the purposes of this action only, and expressly reserves the right to contest venue in any other case as to any party. Somerset otherwise denies the remaining allegations of this paragraph.

45. Venue is proper against Somerset Limited, a foreign corporation, in any judicial district that has personal jurisdiction, including this District.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset does not contest venue for the purposes of this action only, and expressly reserves the right to contest venue in any other case as to any party. Somerset otherwise denies the remaining allegations of this paragraph.

*Torrent*

46-61. [Paragraphs 46 through 61 relate solely to the Torrent Defendants.]

**ANSWER**: These allegations are directed to a Defendant other than Somerset, and therefore no answer is required.

**THE ASSERTED PATENTS**

62. On June 1, 2021, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '393 Patent entitled "Methods of Treating Disease With Levoketoconazole." A true and correct copy of the '393 Patent is attached as **Exhibit A**. The '393 Patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations (an FDA publication commonly known as the "Orange Book") for RECORLEV® (levoketoconazole). Plaintiffs own all rights, title, and interest in and to the '393 Patent. There is an actual case or controversy between the parties regarding the Somerset Defendants' liability for their infringement of the '393 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that on its face, the '393 Patent was issued on June 1, 2021, and is entitled "Methods of Treating Disease With Levoketoconazole." Somerset admits that a purported copy of the '393 Patent is attached to the Complaint as Exhibit A. Somerset admits that the '393 Patent is listed in the Orange Book in connection with RECORLEV® (levoketoconazole). Somerset admits that on its face, the '393 Patent lists Xeris Pharmaceuticals, Inc. as the assignee. Somerset specifically denies that the '393 Patent was duly and lawfully issued. Somerset otherwise denies the remaining allegations of this paragraph.

63. On March 22, 2022, the USPTO duly and legally issued the '547 Patent entitled "Methods of Treating Disease With Levoketoconazole." A true and correct copy of the '547 Patent is attached as **Exhibit B**. The '547 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole). Plaintiffs own all rights, title, and interest in and to the '547 Patent. There is an actual case or controversy between the parties regarding the Somerset Defendants' liability for

their infringement of the ’547 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that on its face, the ’547 Patent was issued on March 22, 2022, and is entitled “Methods of Treating Disease With Levoketoconazole.” Somerset admits that a purported copy of the ’547 Patent is attached to the Complaint as Exhibit B. Somerset admits that the ’547 Patent is listed in the Orange Book in connection with RECORLEV® (levoketoconazole). Somerset admits that on its face, the ’547 Patent lists Xeris Pharmaceuticals, Inc. as the assignee. Somerset specifically denies that the ’547 Patent was duly and lawfully issued. Somerset otherwise denies the remaining allegations of this paragraph.

64. On February 20, 2024, the USPTO duly and legally issued the ’940 Patent entitled “Methods of Treating Disease With Levoketoconazole.” A true and correct copy of the ’940 Patent is attached as **Exhibit C**. The ’940 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole). Plaintiffs own all rights, title, and interest in and to the ’940 Patent. There is an actual case or controversy between the parties regarding the Somerset Defendants’ liability for their infringement of the ’940 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that on its face, the ’940 Patent was issued on February 20, 2024, and is entitled “Methods of Treating Disease With Levoketoconazole.” Somerset admits that a purported copy of the ’940 Patent is attached to the Complaint as Exhibit C. Somerset admits that the ’940 Patent is listed in the Orange Book in connection with RECORLEV® (levoketoconazole). Somerset admits that on its face, the ’940 Patent lists Xeris Pharmaceuticals, Inc. as the assignee. Somerset specifically denies that the ’940 Patent was duly and lawfully issued. Somerset otherwise denies the remaining allegations of this paragraph.

65. On August 5, 2025, the USPTO duly and legally issued the ’096 Patent entitled “Methods of Treating Disease With Levoketoconazole.” A true and correct copy of the ’096 Patent is attached as **Exhibit D**. The ’096 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole). Plaintiffs own all rights, title, and interest in and to the ’096 Patent. There is an actual case or controversy between the parties regarding the Somerset Defendants' liability for

their infringement of the ’096 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that on its face, the ’096 Patent was issued on August 5, 2025, and is entitled “Methods of Treating Disease With Levoketoconazole.” Somerset admits that a purported copy of the ’096 Patent is attached to the Complaint as Exhibit D. Somerset admits that the ’096 Patent is listed in the Orange Book in connection with RECORLEV® (levoketoconazole). Somerset admits that on its face, the ’096 Patent lists Xeris Pharmaceuticals, Inc. as the assignee. Somerset specifically denies that the ’096 Patent was duly and lawfully issued. Somerset otherwise denies the remaining allegations of this paragraph.

**SOMERSET’S ANDA NO. 221137**

66. The Somerset Defendants have submitted ANDA No. 221137 (“Somerset’s ANDA”) which seeks approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of a purported generic version of RECORLEV® (levoketoconazole) 150 mg tablets (the “Somerset ANDA Product”) prior to the expiration of the Asserted Patents.

**ANSWER**: Somerset admits that Somerset Therapeutics, LLC submitted ANDA No. 221137 to the FDA seeking approval to commercially market a generic version of levoketoconazole tablets. Somerset otherwise denies the remaining allegations of this paragraph.

67. On information and belief, FDA has not approved Somerset’s ANDA.

**ANSWER**: Somerset admits that as of the date of the Complaint, FDA had not approved Somerset’s ANDA.

68. Somerset Therapeutics sent Plaintiffs a Notice Letter dated February 6, 2026. Plaintiffs received the Notice Letter on February 9, 2026. Somerset Therapeutics' Notice Letter represented that Somerset Therapeutics had submitted to FDA Somerset's ANDA and a purported Paragraph IV certification with respect to the ’393, ’547, ’940, and ’096 Patents, which are listed in the Orange Book for RECORLEV®. Somerset Therapeutics’ Notice Letter did not represent that Somerset Therapeutics submitted a Paragraph IV certification for U.S. Patent No. 9,918,984 (the “’984 Patent”), which is listed in the Orange Book for RECORLEV®. Accordingly, on information and belief, Somerset Therapeutics submitted a Paragraph III certification for the ’984

Patent.

**ANSWER**: Somerset admits that on February 6, 2026, Somerset Therapeutics, LLC sent Plaintiffs a Notice Letter. Somerset further admits that the Notice Letter informed Plaintiffs that Somerset filed ANDA No. 221137 and that ANDA No. 221137 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the ’393, ’547, ’940, and ’096 Patents. Somerset denies the remaining allegations of this paragraph.

69. According to applicable regulations, Notice Letters such as Somerset Therapeutics’ must contain a detailed statement of the factual and legal basis for the applicant's opinion that the patent is invalid, unenforceable, or not infringed which includes a claim-by-claim analysis, describing “for each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed” and “for each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation.” See 21 C.F.R. § 314.95(c)(7); see also 21 C.F.R. § 314.52.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that 21 C.F.R. § 314.95(c)(7) and 21 C.F.R. § 314.52 set forth certain requirements for Notice Letters. Somerset otherwise denies the remaining allegations of this paragraph.

70. On information and belief, if FDA approves Somerset’s ANDA, the Somerset Defendants will manufacture, offer for sale, or sell the Somerset ANDA Product, within the United States, including within the State of New Jersey, or will import the Somerset ANDA Product into the United States, including the State of New Jersey. The manufacture, use, offer for sale, sale, or importation of the Somerset ANDA Product will directly infringe the Asserted Patents, either literally or under the doctrine of equivalents, and the Somerset Defendants will actively induce and/or contribute to the infringement of those patents.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

71. This action is being brought within forty-five days of Plaintiffs’ receipt of Somerset Therapeutics’ Notice Letter. Accordingly, Plaintiffs are entitled to a stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) and 21 U.S.C. § 355(j)(5)(F)(ii) until June 30, 2029, due to RECORLEV®'s New Chemical Entity status.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To

the extent a response is required, Somerset lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore denies the same.

72. On information and belief, the Somerset Defendants were aware of the Asserted Patents when they filed Somerset's ANDA with a Paragraph IV Certification.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that it was aware of the Asserted Patents as of the date of the filing of Somerset's ANDA. Somerset otherwise denies the remaining allegations of this paragraph.

73. Levoketoconazole is the active ingredient in the Somerset ANDA Product and the Somerset ANDA Product is levoketoconazole tablets, oral, 150 mg per tablet.

**ANSWER**: Somerset admits that Somerset Therapeutics, LLC submitted ANDA No. 221137 to the FDA seeking approval to commercially market a generic version of levoketoconazole tablets. Somerset otherwise denies the remaining allegations of this paragraph.

74. On information and belief, Somerset's ANDA No. 221137 refers to and relies upon the RECORLEV® NDA and contains data that, according to the Somerset Defendants, demonstrates bioequivalence of the Somerset ANDA Product and RECORLEV® (levoketoconazole), see 21 U.S.C. § 355(j)(2); 21 C.F.R. § 314.94(a)(7), or the Somerset Defendants have sought a waiver of the requirement to demonstrate bioequivalence of the Somerset ANDA Product and RECORLEV® (levoketoconazole).

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that Somerset Therapeutics, LLC submitted ANDA No. 221137 to the FDA seeking approval to commercially market a generic version of levoketoconazole tablets. Somerset otherwise denies the remaining allegations of this paragraph.

75. On information and belief, the Somerset Defendants intend to have healthcare providers use the Somerset ANDA Product, if approved, as set forth in the Somerset ANDA Product label. On information and belief, the Somerset ANDA Product label will instruct healthcare providers to prescribe the Somerset ANDA Product in the manner set forth in the label.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To

the extent a response is required, Somerset admits that Somerset Therapeutics, LLC submitted ANDA No. 221137 to the FDA seeking approval to commercially market a generic version of levoketoconazole tablets. Somerset otherwise denies the remaining allegations of this paragraph.

**TORRENT'S ANDA NO. 220357**

76–85. [Paragraphs 76 through 85 relate solely to the Torrent Defendants.]

**ANSWER**: These allegations are directed to a Defendant other than Somerset, and therefore no answer is required.

**COUNT I — INFRINGEMENT OF THE '393 PATENT BY SOMERSET**

86. Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

**ANSWER**: To the extent an answer to Paragraph 86 is required, Somerset incorporates by reference its answers to the foregoing paragraphs as if fully set forth herein.

87. Claim 1 of the '393 Patent recites the following:

> A method of treating persistent or recurrent Cushing's syndrome in a subject in need thereof, wherein the subject also has type 2 diabetes mellitus and is being coadministered
> metformin, or a pharmaceutically acceptable salt thereof, to improve glycemic control, comprising:
> administering a therapeutically effective amount of levoketoconazole, or a pharmaceutically acceptable salt thereof, to the subject in need thereof, wherein the therapeutically effective amount of levoketoconazole, or a pharmaceutically acceptable salt thereof, is determined via a titration scheme,
> during the levoketoconazole titration scheme, monitoring the subject for a dose limiting event wherein the dose limiting event is a decreased fasting glucose level abnormal kidney function, and/or a low Vitamin B-12 level; and
> wherein if the subject does not tolerate the increased dose, the dose for the patient is equal to the difference between the further increased dose and the incremental value for the last cycle repetition.

**ANSWER**: Somerset admits that Paragraph 87 purports to quote from the '393 Patent. Somerset otherwise denies the remaining allegations of this paragraph.

88. On information and belief, the Somerset ANDA Product is covered by one or more

claims of the ’393 Patent, including at least claim 1, because the use of the Somerset ANDA Product in accordance with and as directed by the Somerset ANDA Product proposed labeling involves treating persistent or recurrent Cushing’s syndrome in adult patients who also have type 2 diabetes mellitus and are being co-administered metformin to improve glycemic control, by administering a therapeutically effective amount of levoketoconazole determined via a titration scheme, monitoring the subject for a dose limiting event such as a decreased fasting glucose level, abnormal kidney function, and/or a low Vitamin B-12 level during the levoketoconazole titration scheme, and reducing the amount of metformin administered to the subject if the subject experiences a dose limiting event.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

89. On information and belief, the use of the Somerset ANDA Product in accordance with the Somerset ANDA Product proposed labeling involves the co-administration of metformin to patients with Cushing's syndrome who also have type 2 diabetes mellitus. On information and belief, the Somerset ANDA Product proposed labeling instructs healthcare provider(s) to monitor patients who are co-administered metformin or other OCT2 and/or MATE1 substrates for dose-limiting adverse events and to adjust the metformin dosage accordingly. On information and belief, when healthcare provider(s) prescribe the Somerset ANDA Product to such patients, those healthcare provider(s) will direct or control the performance of each step of the claimed methods, including the administration of levoketoconazole, the monitoring for dose-limiting events, and the reduction of metformin dosage. Patients who take the Somerset ANDA Product will do so under the direction and control of their prescribing healthcare provider(s), who will establish the treatment regimen, monitor for adverse events, and adjust co-administered medications as necessary. The prescribing healthcare provider(s) will condition their patients’ participation in the treatment on the patients' performance of each required step, and the healthcare providers will establish the manner and timing of such performance. Accordingly, the prescribing healthcare provider(s) will perform or direct and control the performance of each and every step of the methods claimed in the ’393 Patent, and will therefore directly infringe those patents when they prescribe the Somerset ANDA Product in accordance with the Somerset ANDA Product proposed labeling.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

90. On information and belief, the Somerset Defendants intend to sell the Somerset ANDA Product with a label that includes instructions to administer levoketoconazole to treat Cushing’s syndrome patients in a manner that will infringe at least claim 1 of the ’393 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

91. On information and belief, the use of the Somerset ANDA Product in accordance with and as directed by the Somerset ANDA Product proposed labeling will infringe at least claim 1 of the ’393 Patent, either literally or under the doctrine of equivalents.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

92. On information and belief, the Somerset Defendants submitted as part of Somerset's ANDA a Paragraph IV Certification, asserting that the claims of the ’393 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Somerset ANDA Product.

**ANSWER**: Somerset admits that ANDA No. 221137 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the claims of the ’393 Patent are invalid, unenforceable, and/or will not be infringed by the activities described in Somerset's ANDA. Somerset denies the remaining allegations of this paragraph.

93. Somerset Therapeutics did not contend or make noninfringement arguments for each claim of the ’393 Patent in its Notice Letter that the Somerset ANDA Product, or the use of the Somerset ANDA Product in accordance with and as directed by the Somerset ANDA Product proposed labeling, would not infringe the claims of the ’393 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset states that its Notice Letter speaks for itself and denies the remaining characterizations and allegations of this paragraph.

94. The purpose of submitting Somerset’s ANDA to FDA was to obtain approval under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq., (“FDCA”) to engage in the commercial manufacture, use, offer for sale, and/or sale of the Somerset ANDA Product prior to the expiration of the ’393 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that Somerset Therapeutics, LLC submitted ANDA No. 221137 to the FDA seeking approval to engage in the commercial manufacture, use, or sale of Somerset's Proposed Product. Somerset otherwise denies the remaining allegations of this paragraph.

95. The Somerset Defendants' submission of Somerset's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale and/or offer for sale of the Somerset ANDA Product prior to the expiration of the '393 Patent was an act of infringement of the '393 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

96. On information and belief, the Somerset Defendants intend to engage in the commercial manufacture, use, sale and/or offer for sale of the Somerset ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Somerset's ANDA and any amendments thereto, i.e., prior to the expiration of the '393 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

97. On information and belief, the Somerset Defendants have knowledge of the '393 Patent at least because the '393 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole) drug product. Notwithstanding this knowledge, the Somerset Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, and/or sale of the Somerset ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Somerset's ANDA and any amendments thereto.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that it is aware of the '393 Patent. Somerset otherwise denies the remaining allegations of this paragraph.

98. The Somerset Defendants had actual and constructive notice of the '393 Patent prior to submitting Somerset's ANDA, and were aware that the submissions of Somerset's ANDA with the request for FDA approval prior to the expiration of the '393 Patent would constitute an act of infringement of the '393 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that it was aware of the '393 Patent as of the date of the filing of Somerset's ANDA. Somerset otherwise denies the allegations of this paragraph.

99. On information and belief, the Somerset Defendants plan and intend to, and will, actively induce infringement of the '393 Patent when Somerset's ANDA and any amendments

thereto are approved by selling the Somerset ANDA Product with a label that provides instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that infringes claims of the '393 Patent, and will do so with specific intent to induce infringement of the '393 Patent. Further, on information and belief, the Somerset Defendants plan and intend to, and will, do so immediately and imminently upon approval.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

100. On information and belief, the Somerset Defendants know that the Somerset ANDA Product is especially made or adapted for use in infringing the '393 Patent, and that the Somerset ANDA Product is not a staple article of commerce suitable for substantial noninfringing use. On information and belief, the Somerset Defendants plan and intend to, and will, contribute to infringement of the '393 Patent immediately and imminently upon approval of Somerset's ANDA and any amendments thereto.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

101. The foregoing actions by the Somerset Defendants constitutes and/or will constitute infringement of the '393 Patent, active inducement of infringement of the '393 Patent, and contribution to the infringement of the '393 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(b) and (c).

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

102. The Somerset Defendants filed Somerset's ANDA without adequate justification for asserting that the '393 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Somerset ANDA Product. The Somerset Defendants' conduct in certifying invalidity and/or noninfringement with respect to the '393 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

103. Unless the Somerset Defendants are enjoined from infringing the '393 Patent and actively inducing and contributing to infringement of the '393 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and the Somerset Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

**COUNT II — INFRINGEMENT OF THE ’547 PATENT BY SOMERSET**

104. Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

**ANSWER**: To the extent an answer to Paragraph 104 is required, Somerset incorporates by reference its answers to the foregoing paragraphs as if fully set forth herein.

105. Claim 1 of the ’547 Patent recites the following:

> A method of treating Cushing’s syndrome in a subject in need thereof, wherein the subject also has type 2 diabetes mellitus and is being co-administered metformin, or a pharmaceutically acceptable salt thereof, to improve glycemic control and wherein the subject has had previous surgery or radiation to treat the subject’s Cushing syndrome, comprising:
> administering a therapeutically effective amount of levoketoconazole, or a pharmaceutically acceptable salt thereof, to the subject in need thereof, wherein the therapeutically effective amount of levoketoconazole, or a pharmaceutically acceptable salt thereof, is determined via a titration scheme,
> during the levoketoconazole titration scheme, monitoring the subject for a dose limiting event wherein the dose limiting event is a decreased fasting glucose level, abnormal kidney function, and/or a low Vitamin B-12 level; and
> if the subject experiences a dose limiting event, reducing the amount of metformin, or a pharmaceutically acceptable salt thereof, administered to the subject.

**ANSWER**: Somerset admits that Paragraph 105 purports to quote from the ’547 Patent. Somerset otherwise denies the remaining allegations of this paragraph.

106. On information and belief, the Somerset ANDA Product is covered by one or more claims of the ’547 Patent, including at least claim 1, because the use of the Somerset ANDA Product in accordance with and as directed by the Somerset ANDA Product proposed labeling involves treating Cushing’s syndrome in adult patients who have had previous surgery or radiation to treat the subject’s Cushing syndrome, who also have type 2 diabetes mellitus and are being co-administered metformin to improve glycemic control, by administering a therapeutically effective amount of levoketoconazole determined via a titration scheme, monitoring the subject for a dose limiting event such as a decreased fasting glucose level, abnormal kidney function, and/or a low Vitamin B-12 level during the levoketoconazole titration scheme, and reducing the amount of metformin administered to the subject if the subject experiences a dose limiting event.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

107. On information and belief, the use of the Somerset ANDA Product in accordance with the Somerset ANDA Product proposed labeling involves the co-administration of metformin to patients with Cushing's syndrome who also have type 2 diabetes mellitus. On information and belief, the Somerset ANDA Product proposed labeling instructs healthcare provider(s) to monitor patients who are co-administered metformin or other OCT2 and/or MATE1 substrates for dose-limiting adverse events and to adjust the metformin dosage accordingly. On information and belief, when healthcare provider(s) prescribe the Somerset ANDA Product to such patients, those healthcare provider(s) will direct or control the performance of each step of the claimed methods, including the administration of levoketoconazole, the monitoring for dose-limiting events, and the reduction of metformin dosage. Patients who take the Somerset ANDA Product will do so under the direction and control of their prescribing healthcare provider(s), who will establish the treatment regimen, monitor for adverse events, and adjust co-administered medications as necessary. The prescribing healthcare provider(s) will condition their patients' participation in the treatment on the patients' performance of each required step, and the healthcare providers will establish the manner and timing of such performance. Accordingly, the prescribing healthcare provider(s) will perform or direct and control the performance of each and every step of the methods claimed in the '547 Patent, and will therefore directly infringe those patents when they prescribe the Somerset ANDA Product in accordance with the Somerset ANDA Product proposed labeling.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

108. On information and belief, the Somerset Defendants intend to sell the Somerset ANDA Product with a label that includes instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that will infringe at least claim 1 of the '547 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

109. On information and belief, the use of the Somerset ANDA Product in accordance with and as directed by the Somerset ANDA Product proposed labeling will infringe at least claim 1 of the '547 Patent, either literally or under the doctrine of equivalents.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

110. On information and belief, the Somerset Defendants submitted as part of Somerset's

ANDA a Paragraph IV Certification, asserting that the claims of the ’547 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Somerset ANDA Product.

**ANSWER**: Somerset admits that ANDA No. 221137 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the claims of the '547 Patent are invalid, unenforceable, and/or will not be infringed by the activities described in Somerset's ANDA. Somerset denies the remaining allegations of this paragraph.

111. Somerset Therapeutics did not contend or make any noninfringement arguments in its Notice Letter that the Somerset ANDA Product, or the use of the Somerset ANDA Product in accordance with and as directed by Somerset ANDA Product proposed labeling would not infringe the claims of the ’547 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset states that its Notice Letter speaks for itself and denies the remaining characterizations and allegations of this paragraph.

112. The purpose of submitting Somerset’s ANDA to FDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of the Somerset ANDA Product prior to the expiration of the ’547 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that Somerset Therapeutics, LLC submitted ANDA No. 221137 to the FDA seeking approval to engage in the commercial manufacture, use, or sale of Somerset’s Proposed Product. Somerset otherwise denies the remaining allegations of this paragraph.

113. Somerset Therapeutics submission of Somerset's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale and/or offer for sale of the Somerset ANDA Product prior to the expiration of the ’547 Patent was an act of infringement of the ’547 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

114. On information and belief, the Somerset Defendants intend to engage in the commercial manufacture, use, sale and/or offer for sale of the Somerset ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Somerset's ANDA and any amendments thereto, i.e., prior to the expiration of the ’547 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

115. On information and belief, the Somerset Defendants have knowledge of the ’547 Patent at least because the ’547 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole) drug product. Notwithstanding this knowledge, the Somerset Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, and/or sale of the Somerset ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Somerset's ANDA and any amendments thereto.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that it is aware of the ’547 Patent. Somerset otherwise denies the remaining allegations of this paragraph.

116. The Somerset Defendants had actual and constructive notice of the '547 Patent prior to submitting Somerset's ANDA, and were aware that the submission of Somerset's ANDA with the request for FDA approval prior to the expiration of the ’547 Patent would constitute an act of infringement of the ’547 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that it was aware of the ’547 Patent as of the date of the filing of Somerset’s ANDA. Somerset otherwise denies the allegations of this paragraph.

117. On information and belief, the Somerset Defendants plan and intend to, and will, actively induce infringement of the ’547 Patent when Somerset's ANDA and any amendments thereto are approved by selling the Somerset ANDA Product with a label that provides instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that infringes claims of the ’547 Patent, and will do so with specific intent to induce infringement of the ’547 Patent. Further, on information and belief, the Somerset Defendants plan and intend to, and will, do so immediately and imminently upon approval.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

118. On information and belief, the Somerset Defendants know that the Somerset ANDA Product is especially made or adapted for use in infringing the ’547 Patent, and that the Somerset ANDA Product is not a staple article of commerce suitable for substantial noninfringing use. On information and belief, the Somerset Defendants plan and intend to, and will, contribute to infringement of the ’547 Patent immediately and imminently upon approval of Somerset's ANDA and any amendments thereto.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

119. The foregoing actions by the Somerset Defendants constitutes and/or will constitute infringement of the ’547 Patent, active inducement of infringement of the ’547 Patent, and contribution to the infringement of the ’547 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(b) and (c).

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

120. The Somerset Defendants filed Somerset’s ANDA without adequate justification for asserting that the ’547 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Somerset ANDA Product. The Somerset Defendants’ conduct in certifying invalidity and/or noninfringement with respect to the ’547 Patent renders this case “exceptional” as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of its attorneys’ fees and such other relief as this Court deems proper.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

121. Unless the Somerset Defendants are enjoined from infringing the ’547 Patent and actively inducing and contributing to infringement of the ’547 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and the Somerset Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

**COUNT III — INFRINGEMENT OF THE '940 PATENT BY SOMERSET**

122. Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

**ANSWER**: To the extent an answer to Paragraph 122 is required, Somerset incorporates by reference its answers to the foregoing paragraphs as if fully set forth herein.

123. Claim 1 of the ’940 Patent.

> A method of treating persistent or recurrent Cushing’s syndrome in a subject in need thereof, wherein the subject is being coadministered an organic cation transporter 2 (OCT2) substrate, or a pharmaceutically acceptable salt thereof, comprising:
> administering a therapeutically effective amount of levoketoconazole, or a pharmaceutically acceptable salt thereof, to the subject in need thereof, wherein the therapeutically effective amount of levoketoconazole, or a pharmaceutically acceptable salt thereof, is determined via a titration scheme,
> during the levoketoconazole titration scheme, monitoring the subject for a dose limiting event, wherein the dose limiting event is due to increased exposure to the OCT2 substrate; and
> if the subject experiences a dose limiting event, reducing the amount of the OCT2 substrate, or a pharmaceutically acceptable salt thereof, administered to the subject.

**ANSWER**: Somerset admits that Paragraph 123 purports to quote from the ’940 Patent. Somerset otherwise denies the remaining allegations of this paragraph.

124. On information and belief, the Somerset ANDA Product is covered by one or more claims of the ’940 Patent, including at least claim 1, because the use of the Somerset ANDA Product in accordance with and as directed by the Somerset ANDA Product proposed labeling involves treating persistent or recurrent Cushing’s syndrome in adult patients who are being co-administered an organic cation transporter 2 (OCT2) substrate, such as metformin, by administering a therapeutically effective amount of levoketoconazole determined via a titration scheme, monitoring the subject for a dose limiting event due to increased exposure to the OCT2 substrate during the levoketoconazole titration scheme, and reducing the amount of the OCT2 substrate administered to the subject if the subject experiences a dose limiting event.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

125. On information and belief, the use of the Somerset ANDA Product in accordance with the Somerset ANDA Product proposed labeling involves the co-administration of metformin to patients with Cushing’s syndrome who also have type 2 diabetes mellitus. On information and belief, the Somerset ANDA Product proposed labeling instructs healthcare provider(s) to monitor patients who are co-administered metformin or other OCT2 and/or MATE1 substrates for dose-limiting adverse events and to adjust the metformin dosage accordingly. On information and belief, when healthcare provider(s) prescribe the Somerset ANDA Product to such patients, those

healthcare provider(s) will direct or control the performance of each step of the claimed methods, including the administration of levoketoconazole, the monitoring for dose-limiting events, and the reduction of metformin dosage. Patients who take the Somerset ANDA Product will do so under the direction and control of their prescribing healthcare provider(s), who will establish the treatment regimen, monitor for adverse events, and adjust co-administered medications as necessary. The prescribing healthcare provider(s) will condition their patients' participation in the treatment on the patients' performance of each required step, and the healthcare providers will establish the manner and timing of such performance. Accordingly, the prescribing healthcare provider(s) will perform or direct and control the performance of each and every step of the methods claimed in the '940 Patent, and will therefore directly infringe those patents when they prescribe the Somerset ANDA Product in accordance with the Somerset ANDA Product proposed labeling.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

126. On information and belief, the Somerset Defendants intend to sell the Somerset ANDA Product with a label that includes instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that will infringe at least claim 1 of the '940 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

127. On information and belief, the use of the Somerset ANDA Product in accordance with and as directed by the Somerset ANDA Product proposed labeling will infringe at least claim 1 of the '940 Patent, either literally or under the doctrine of equivalents.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

128. On information and belief, the Somerset Defendants submitted as part of Somerset's ANDA a Paragraph IV Certification, asserting that the claims of the '940 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Somerset ANDA Product.

**ANSWER**: Somerset admits that ANDA No. 221137 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the claims of the '940 Patent are invalid, unenforceable, and/or will not be infringed by the activities described in Somerset's ANDA. Somerset denies the remaining allegations of this paragraph.

129. Somerset Therapeutics did not contend or make any noninfringement arguments in its Notice Letter that the Somerset ANDA Product, or the use of the Somerset ANDA Product in accordance with and as directed by Somerset ANDA Product proposed labeling would not infringe the claims of the '940 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset states that its Notice Letter speaks for itself and denies the remaining characterizations and allegations of this paragraph.

130. The purpose of submitting Somerset's ANDA to FDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of the Somerset ANDA Product prior to the expiration of the '940 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that Somerset Therapeutics, LLC submitted ANDA No. 221137 to the FDA seeking approval to engage in the commercial manufacture, use, or sale of Somerset's Proposed Product. Somerset otherwise denies the remaining allegations of this paragraph.

131. Somerset Therapeutics submission of Somerset's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale and/or offer for sale of the Somerset ANDA Product prior to the expiration of the '940 Patent was an act of infringement of the '940 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

132. On information and belief, the Somerset Defendants intend to engage in the commercial manufacture, use, sale and/or offer for sale of the Somerset ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Somerset's ANDA and any amendments thereto, i.e., prior to the expiration of the '940 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

133. On information and belief, the Somerset Defendants have knowledge of the '940 Patent at least because the '940 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole) drug product. Notwithstanding this knowledge, the Somerset Defendants

continue to assert their intent to engage in the manufacture, use, offer for sale, and/or sale of the Somerset ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Somerset's ANDA and any amendments thereto.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that it is aware of the '940 Patent. Somerset otherwise denies the remaining allegations of this paragraph.

134. The Somerset Defendants had actual and constructive notice of the '940 Patent prior to submitting Somerset's ANDA, and were aware that the submissions of Somerset's ANDA with the request for FDA approval prior to the expiration of the '940 Patent would constitute an act of infringement of the '940 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. Somerset admits that it was aware of the '940 Patent as of the date of the filing of Somerset's ANDA. To the extent a response is required, Somerset denies the allegations of this paragraph.

135. On information and belief, the Somerset Defendants plan and intend to, and will, actively induce infringement of the '940 Patent when Somerset's ANDA and any amendments thereto are approved by selling the Somerset ANDA Product with a label that provides instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that infringes claims of the '940 Patent, and will do so with specific intent to induce infringement of the '940 Patent. Further, on information and belief, the Somerset Defendants plan and intend to, and will, do so immediately and imminently upon approval.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

136. On information and belief, the Somerset Defendants know that the Somerset ANDA Product is especially made or adapted for use in infringing the '940 Patent, and that the Somerset ANDA Product is not a staple article of commerce suitable for substantial noninfringing use. On information and belief, the Somerset Defendants plan and intend to, and will, contribute to infringement of the '940 Patent immediately and imminently upon approval of Somerset's ANDA and any amendments thereto.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

137. The foregoing actions by the Somerset Defendants constitutes and/or will constitute infringement of the '940 Patent, active inducement of infringement of the '940 Patent, and

contribution to the infringement of the ’940 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(b) and (c).

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

138. The Somerset Defendants filed Somerset’s ANDA without adequate justification for asserting that the ’940 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Somerset ANDA Product. The Somerset Defendants’ conduct in certifying invalidity and/or noninfringement with respect to the ’940 Patent renders this case “exceptional” as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of its attorneys’ fees and such other relief as this Court deems proper.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

139. Unless the Somerset Defendants are enjoined from infringing the ’940 Patent and actively inducing and contributing to infringement of the ’940 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and the Somerset Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

**<u>COUNT IV — INFRINGEMENT OF THE '096 PATENT BY SOMERSET</u>**

140. Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

**ANSWER**: To the extent an answer to Paragraph 140 is required, Somerset incorporates by reference its answers to the foregoing paragraphs as if fully set forth herein.

141. Claim 1 of the ’096 Patent recites the following:

> A method of treating persistent or recurrent Cushing’s syndrome in a subject in need thereof, wherein the subject is being coadministered a multidrug and toxin extrusion transporter 1 (MATE1) substrate, or a pharmaceutically acceptable salt thereof, comprising:
>
> administering a therapeutically effective amount of levoketoconazole, or a pharmaceutically acceptable salt thereof, to the subject in need thereof, wherein the therapeutically effective amount of levoketoconazole, or a pharmaceutically

acceptable salt thereof, is determined via a titration scheme;
during the levoketoconazole titration scheme, monitoring the subject for a dose limiting event, wherein the dose limiting event is due to increased exposure to the MATE1 substrate; and
if the subject experiences a dose limiting event, reducing the amount of the MATE1 substrate, or a pharmaceutically acceptable salt thereof, administered to the subject.

**ANSWER**: Somerset admits that Paragraph 141 purports to quote from the '096 Patent. Somerset otherwise denies the remaining allegations of this paragraph.

142. On information and belief, the Somerset ANDA Product is covered by one or more claims of the ’096 Patent, including at least claim 1, because the use of the Somerset ANDA Product in accordance with and as directed by the Somerset ANDA Product proposed labeling involves treating persistent or recurrent Cushing’s syndrome in adult patients who are being co-administered a multidrug and toxin extrusion transporter 1 (MATE1) substrate, such as metformin, by administering a therapeutically effective amount of levoketoconazole determined via a titration scheme, monitoring the subject for a dose limiting event due to increased exposure to the MATE1 substrate during the levoketoconazole titration scheme, and reducing the amount of the MATE1 substrate administered to the subject if the subject experiences a dose limiting event.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

143. On information and belief, the use of the Somerset ANDA Product in accordance with the Somerset ANDA Product proposed labeling involves the co-administration of metformin to patients with Cushing’s syndrome who also have type 2 diabetes mellitus. On information and belief, the Somerset ANDA Product proposed labeling instructs healthcare provider(s) to monitor patients who are co-administered metformin or other OCT2 and/or MATE1 substrates for dose-limiting adverse events and to adjust the metformin dosage accordingly. On information and belief, when healthcare provider(s) prescribe the Somerset ANDA Product to such patients, those healthcare provider(s) will direct or control the performance of each step of the claimed methods, including the administration of levoketoconazole, the monitoring for dose-limiting events, and the reduction of metformin dosage. Patients who take the Somerset ANDA Product will do so under the direction and control of their prescribing healthcare provider(s), who will establish the treatment regimen, monitor for adverse events, and adjust co-administered medications as necessary. The prescribing healthcare provider(s) will condition their patients’ participation in the treatment on the patients’ performance of each required step, and the healthcare providers will establish the manner and timing of such performance. Accordingly, the prescribing healthcare provider(s) will perform or direct and control the performance of each and every step of the methods claimed in the ’09 Patent, and will therefore directly infringe those patents when they prescribe the Somerset ANDA Product in accordance with the Somerset ANDA Product proposed labeling.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

144. On information and belief, the Somerset Defendants intend to sell the Somerset ANDA Product with a label that includes instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that will infringe at least claim 1 of the '096 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

145. On information and belief, the use of the Somerset ANDA Product in accordance with and as directed by the Somerset ANDA Product proposed labeling will infringe at least claim 1 of the '096 Patent, either literally or under the doctrine of equivalents.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

146. On information and belief, the Somerset Defendants submitted as part of Somerset's ANDA a Paragraph IV Certification, asserting that the claims of the '096 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Somerset ANDA Product.

**ANSWER**: Somerset admits that ANDA No. 221137 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the claims of the '096 Patent are invalid, unenforceable, and/or will not be infringed by the activities described in Somerset's ANDA. Somerset denies the remaining allegations of this paragraph.

147. Somerset Therapeutics did not contend or make any noninfringement arguments in its Notice Letter that the Somerset ANDA Product, or the use of the Somerset ANDA Product in accordance with and as directed by Somerset ANDA Product proposed labeling would not infringe the claims of the '096 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset states that its Notice Letter speaks for itself and denies the remaining characterizations and allegations of this paragraph.

148. The purpose of submitting Somerset's ANDA to FDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of the Somerset

ANDA Product prior to the expiration of the ’096 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that Somerset Therapeutics, LLC submitted ANDA No. 221137 to the FDA seeking approval to engage in the commercial manufacture, use, or sale of Somerset's Proposed Product. Somerset otherwise denies the remaining allegations of this paragraph.

149. Somerset Therapeutics submission of Somerset's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale and/or offer for sale of the Somerset ANDA Product prior to the expiration of the ’096 Patent was an act of infringement of the '096 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

150. On information and belief, the Somerset Defendants intend to engage in the commercial manufacture, use, sale and/or offer for sale of the Somerset ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Somerset’s ANDA and any amendments thereto, i.e., prior to the expiration of the ’096 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

151. On information and belief, the Somerset Defendants have knowledge of the ’096 Patent at least because the '096 Patent is listed in the Orange Book for RECORLEV® (levoketoconazole) drug product. Notwithstanding this knowledge, the Somerset Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, and/or sale of the Somerset ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Somerset's ANDA and any amendments thereto.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that it is aware of the '096 Patent. Somerset otherwise denies the remaining allegations of this paragraph.

152. The Somerset Defendants had actual and constructive notice of the ’096 Patent prior to submitting Somerset's ANDA, and were aware that the submissions of Somerset's ANDA with the request for FDA approval prior to the expiration of the '096 Patent would constitute an

act of infringement of the ’096 Patent.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset admits that it was aware of the ’096 Patent as of the date of the filing of Somerset’s ANDA. Somerset otherwise denies the allegations of this paragraph.

153. On information and belief, the Somerset Defendants plan and intend to, and will, actively induce infringement of the ’096 Patent when Somerset's ANDA and any amendments thereto are approved by selling the Somerset ANDA Product with a label that provides instructions to administer levoketoconazole to treat Cushing's syndrome patients in a manner that infringes claims of the ’096 Patent, and will do so with specific intent to induce infringement of the ’096 Patent. Further, on information and belief, the Somerset Defendants plan and intend to, and will, do so immediately and imminently upon approval.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

154. On information and belief, the Somerset Defendants know that the Somerset ANDA Product is especially made or adapted for use in infringing the ’096 Patent, and that the Somerset ANDA Product is not a staple article of commerce suitable for substantial noninfringing use. On information and belief, the Somerset Defendants plan and intend to, and will, contribute to infringement of the ’096 Patent immediately and imminently upon approval of Somerset's ANDA and any amendments thereto.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

155. The foregoing actions by the Somerset Defendants constitutes and/or will constitute infringement of the ’096 Patent, active inducement of infringement of the ’096 Patent, and contribution to the infringement of the ’096 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(b) and (c).

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

156. The Somerset Defendants filed Somerset’s ANDA without adequate justification for asserting that the ’096 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Somerset ANDA Product. The Somerset Defendants’ conduct in certifying invalidity and/or noninfringement with respect to the ’096 Patent renders this

case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

157. Unless the Somerset Defendants are enjoined from infringing the '096 Patent and actively inducing and contributing to infringement of the '096 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and the Somerset Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER**: This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Somerset denies the allegations of this paragraph.

**COUNTS V–VIII (TORRENT)**

158–229. [Paragraphs 158 through 229 relate solely to the Torrent Defendants.]

**ANSWER**: These allegations are directed to a Defendant other than Somerset, and therefore no answer is required.

**RESPONSE TO PRAYER FOR RELIEF**

The remainder of Plaintiffs' Complaint recites a prayer for relief for which no response is required. To the extent a response is required, Somerset denies that Plaintiffs are entitled to any remedy or relief.

**JURY DEMAND**

Plaintiffs' demand for a jury trial requires no response. Somerset demands a jury trial of all issues so triable.

**SEPARATE DEFENSES**

Somerset asserts the following defenses without prejudice to the denials in this Answer, and without admitting any allegations of the Complaint not otherwise admitted. Somerset does not assume the burden of proof on any such defenses, except as required by applicable law with respect

to the particular defense asserted. Somerset reserves the right to assert other defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

**FIRST DEFENSE**

Each purported claim in the Complaint, in whole or in part, is barred for failure to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The claims of the Patents-in-suit are invalid for failure to comply with the statutory provisions of Title 35 of the United States Code, including without limitation sections 101, 102, 103, and/or 112, or other judicially created bases for invalidity.

**THIRD DEFENSE**

Somerset does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Patents-in-suit. If the products that are the subject of ANDA No. 221137 were marketed, Somerset would not infringe any valid and enforceable claim of the Patents-in-suit.

**FOURTH DEFENSE**

Somerset has not, does not, and will not induce the infringement of, or contribute to the infringement of, any valid and enforceable claim of the Patents-in-suit. If the products that are the subject of ANDA No. 221137 were marketed, Somerset would not induce the infringement of, or contribute to the infringement of, any valid and enforceable claim of the Patents-in-suit.

**FIFTH DEFENSE**

The claims of the Patents-in-suit are barred in whole or in part by the doctrine of prosecution history estoppel, judicial estoppel, and/or other equitable doctrines.

## SIXTH DEFENSE

Somerset's actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

## SEVENTH DEFENSE

Any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

For its Counterclaims against Xeris Pharmaceuticals, Inc. ("Xeris") and Strongbridge Dublin Limited ("Strongbridge") (collectively, "Counterclaim Defendants/Plaintiffs"), Counterclaim Plaintiffs/Defendants Somerset Therapeutics, LLC, Somerset Pharma, LLC, Somerset Therapeutics Private Limited f/k/a Somerset Therapeutics Limited, and Odin Pharmaceuticals, LLC (collectively, "Somerset" or "Counterclaim Plaintiffs/Defendants"), state as follows:

## THE PARTIES

1. On information and belief, Xeris Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its corporate offices and principal place of business at 1375 W. Fulton St., Suite 1300, Chicago, Illinois 60607.

2. On information and belief, Strongbridge Dublin Limited is a private limited company organized and existing under the laws of Ireland, with a principal place of business at 25-28 North Wall Quay, Dublin 1, Ireland.

3. Somerset Therapeutics, LLC is a limited liability company organized under the laws of the State of Delaware, having a place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873.

4. Somerset Pharma, LLC is a limited liability company organized under the laws of

the State of Delaware, having a place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873.

5. Somerset Therapeutics Private Limited f/k/a Somerset Therapeutics Limited is a corporation organized and existing under the laws of India.

6. Odin Pharmaceuticals, LLC is a limited liability company organized under the laws of the State of Delaware, having a place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873.

## **JURISDICTION AND VENUE**

7. These counterclaims arise under the patent laws of the United States and the Declaratory Judgment Act. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8. This Court has personal jurisdiction over Counterclaim Defendants/Plaintiffs on the basis of, inter alia, their contacts with New Jersey relating to the subject matter of this action, including having filed suit.

9. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## **BACKGROUND**

10. Upon information and belief, Xeris Pharmaceuticals, Inc. holds approved New Drug Application ("NDA") No. 214133 for RECORLEV® brand levoketoconazole tablets.

11. An NDA must include, among other things, the number of any patent that claims the "drug" or a "method of using [the] drug" for which the NDA was submitted and for which a claim of patent infringement could reasonably be asserted against an authorized party. *See* 21 U.S.C. § 355(b)(1), (c)(2); 21 C.F.R. § 314.53(b), (c)(2).

12. Upon approval of the NDA, the U.S. Food and Drug Administration ("FDA")

publishes patent information for the approved drug in the "Approved Drug Products with Therapeutic Equivalence Evaluations," commonly known as the "Orange Book." *See* 21 U.S.C. § 355(j)(7)(A)(iii).

13. U.S. Patent No. 11,020,393 ("the '393 Patent"), titled "Methods of Treating Disease With Levoketoconazole," issued on June 1, 2021.

14. U.S. Patent No. 11,278,547 ("the '547 Patent"), titled "Methods of Treating Disease With Levoketoconazole," issued on March 22, 2022.

15. U.S. Patent No. 11,903,940 ("the '940 Patent"), titled "Methods of Treating Disease With Levoketoconazole," issued on February 20, 2024.

16. U.S. Patent No. 12,377,096 ("the '096 Patent"), titled "Methods of Treating Disease With Levoketoconazole," issued on August 5, 2025.

17. Upon information and belief, Xeris Pharmaceuticals, Inc. is the assignee of the '393, '547, '940, and '096 Patents.

18. Upon information and belief, Counterclaim Defendants/Plaintiffs caused each of the '393, '547, '940, and '096 Patents to be listed in the Orange Book as a patent that claims such a drug for which NDA No. 214133 was submitted.

19. Somerset Therapeutics, LLC submitted Abbreviated New Drug Application ("ANDA") No. 221137 ("Somerset's ANDA") to obtain FDA approval to market a generic version of levoketoconazole tablets ("Somerset's Proposed Product") prior to the expiration of the '393, '547, '940, and '096 Patents.

20. By letter dated February 6, 2026 ("Somerset's Notice Letter"), pursuant to 21 U.S.C. § 355(j)(2)(B), Somerset notified Counterclaim Defendants/Plaintiffs that ANDA No. 221137 includes a Paragraph IV Certification with respect to the '393, '547, '940, and '096

Patents. Somerset's Notice Letter, which is incorporated herein by reference, contained a detailed statement of the factual and legal bases for Somerset's Paragraph IV Certification that the claims of the ’393, ’547, ’940, and ’096 Patents are invalid, not infringed, and/or unenforceable.

21. On February 26, 2026, Counterclaim Defendants/Plaintiffs filed this instant lawsuit alleging infringement of the ’393, ’547, ’940, and ’096 Patents.

**COUNT I**

22. Somerset re-alleges and incorporates by reference the allegations in Paragraphs 1 through 21 of its Counterclaims as though fully set forth herein.

23. Counterclaim Defendants/Plaintiffs allege ownership of the ’393 Patent and have brought claims against Somerset alleging infringement of the ’393 Patent.

24. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset’s ANDA and/or the commercial marketing of Somerset's Proposed Product infringe, have infringed, and/or will infringe a valid and enforceable claim of the ’393 Patent.

25. Somerset has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the ’393 Patent and is not liable for such infringement.

26. Somerset is entitled to a declaration that the manufacture, use, or sale of Somerset’s Proposed Product would not infringe any valid or enforceable claim of the ’393 Patent.

**COUNT II**

27. Somerset re-alleges and incorporates by reference the allegations in Paragraphs 1 through 26 of its Counterclaims as though fully set forth herein.

28. Counterclaim Defendants/Plaintiffs allege ownership of the ’393 Patent and have

brought claims against Somerset alleging infringement of the ’393 Patent.

29. One or more claims of the ’393 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

30. The ’393 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

31. The alleged invention of the ’393 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the ’393 Patent is not more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ’393 Patent and would have had a reasonable expectation of success in doing so.

32. The subject matter claimed in the ’393 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

33. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset's ANDA and/or the commercial marketing of Somerset’s Proposed Product infringes, has infringed, and/or will infringe a valid and enforceable claim of the ’393 Patent.

34. Somerset is entitled to a declaration that all claims of the ’393 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

**COUNT III**

35. Somerset re-alleges and incorporates by reference the allegations in Paragraphs 1 through 34 of its Counterclaims as though fully set forth herein.

36. Counterclaim Defendants/Plaintiffs allege ownership of the ’547 Patent and have brought claims against Somerset alleging infringement of the ’547 Patent.

37. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset’s ANDA and/or the commercial marketing of Somerset’s Proposed Product infringe, have infringed, and/or will infringe a valid and enforceable claim of the ’547 Patent.

38. Somerset has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the ’547 Patent and is not liable for such infringement.

39. Somerset is entitled to a declaration that the manufacture, use, or sale of Somerset’s Proposed Product would not infringe any valid or enforceable claim of the ’547 Patent.

**COUNT IV**

40. Somerset re-alleges and incorporates by reference the allegations in Paragraphs 1 through 39 of its Counterclaims as though fully set forth herein.

41. Counterclaim Defendants/Plaintiffs allege ownership of the ’547 Patent and have brought claims against Somerset alleging infringement of the ’547 Patent.

42. One or more claims of the ’547 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

43. The ’547 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical

skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

44. The alleged invention of the ’547 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the ’547 Patent is not more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ’547 Patent and would have had a reasonable expectation of success in doing so.

45. The subject matter claimed in the ’547 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

46. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset’s ANDA and/or the commercial marketing of Somerset's Proposed Product infringes, has infringed, and/or will infringe a valid and enforceable claim of the ’547 Patent.

47. Somerset is entitled to a declaration that all claims of the ’547 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

**COUNT V**

48. Somerset re-alleges and incorporates by reference the allegations in Paragraphs 1 through 47 of its Counterclaims as though fully set forth herein.

49. Counterclaim Defendants/Plaintiffs allege ownership of the ’940 Patent and have brought claims against Somerset alleging infringement of the ’940 Patent.

50. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset's ANDA and/or the commercial marketing of Somerset's Proposed Product infringe, have infringed, and/or will infringe a valid and enforceable claim of the '940 Patent.

51. Somerset has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '940 Patent and is not liable for such infringement.

52. Somerset is entitled to a declaration that the manufacture, use, or sale of Somerset's Proposed Product would not infringe any valid or enforceable claim of the '940 Patent.

**COUNT VI**

53. Somerset re-alleges and incorporates by reference the allegations in Paragraphs 1 through 52 of its Counterclaims as though fully set forth herein.

54. Counterclaim Defendants/Plaintiffs allege ownership of the '940 Patent and have brought claims against Somerset alleging infringement of the '940 Patent.

55. One or more claims of the '940 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

56. The '940 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

57. The alleged invention of the '940 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '940 Patent is not more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to

combine the teachings of the prior art to achieve the alleged invention of the ’940 Patent and would have had a reasonable expectation of success in doing so.

58. The subject matter claimed in the ’940 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

59. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset’s ANDA and/or the commercial marketing of Somerset’s Proposed Product infringes, has infringed, and/or will infringe a valid and enforceable claim of the ’940 Patent.

60. Somerset is entitled to a declaration that all claims of the ’940 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

**COUNT VII**

61. Somerset re-alleges and incorporates by reference the allegations in Paragraphs 1 through 60 of its Counterclaims as though fully set forth herein.

62. Counterclaim Defendants/Plaintiffs allege ownership of the ’096 Patent and have brought claims against Somerset alleging infringement of the ’096 Patent.

63. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset's ANDA and/or the commercial marketing of Somerset's Proposed Product infringe, have infringed, and/or will infringe a valid and enforceable claim of the ’096 Patent.

64. Somerset has not infringed, contributed to the infringement of, or induced the

infringement of any valid and enforceable claim of the ’096 Patent and is not liable for such infringement.

65. Somerset is entitled to a declaration that the manufacture, use, or sale of Somerset's Proposed Product would not infringe any valid or enforceable claim of the ’096 Patent.

**COUNT VIII**

66. Somerset re-alleges and incorporates by reference the allegations in Paragraphs 1 through 65 of its Counterclaims as though fully set forth herein.

67. Counterclaim Defendants/Plaintiffs allege ownership of the ’096 Patent and have brought claims against Somerset alleging infringement of the ’096 Patent.

68. One or more claims of the ’096 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

69. The ’096 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

70. The alleged invention of the ’096 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the ’096 Patent is not more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ’096 Patent and would have had a reasonable expectation of success in doing so.

71. The subject matter claimed in the ’096 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was

made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

72. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset's ANDA and/or the commercial marketing of Somerset's Proposed Product infringes, has infringed, and/or will infringe a valid and enforceable claim of the ’096 Patent.

73. Somerset is entitled to a declaration that all claims of the ’096 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

## PRAYER FOR RELIEF

WHEREFORE, Somerset respectfully requests judgment in their favor and against Counterclaim Defendants/Plaintiffs as follows:

a. Declaring that the filing of Somerset’s ANDA No. 221137 has not infringed and does not infringe any valid and enforceable claim of the ’393 Patent;

b. Declaring that the manufacture, use, offer to sell, sale, and/or importation into the United States of Somerset’s ANDA Product does not, and would not, if marketed, infringe any valid and enforceable claim of the ’393 Patent;

c. Declaring that the asserted claims of the ’393 Patent are invalid;

d. Declaring that the filing of Somerset’s ANDA No. 221137 has not infringed and does not infringe any valid and enforceable claim of the ’547 Patent;

e. Declaring that the manufacture, use, offer to sell, sale, and/or importation into the United States of Somerset’s ANDA Product does not, and would not, if marketed, infringe any valid and enforceable claim of the ’547 Patent;

f. Declaring that the asserted claims of the ’547 Patent are invalid;

g. Declaring that the filing of Somerset's ANDA No. 221137 has not infringed and does not infringe any valid and enforceable claim of the '940 Patent;

h. Declaring that the manufacture, use, offer to sell, sale, and/or importation into the United States of Somerset's ANDA Product does not, and would not, if marketed, infringe any valid and enforceable claim of the '940 Patent;

i. Declaring that the asserted claims of the '940 Patent are invalid;

j. Declaring that the filing of Somerset's ANDA No. 221137 has not infringed and does not infringe any valid and enforceable claim of the '096 Patent;

k. Declaring that the manufacture, use, offer to sell, sale, and/or importation into the United States of Somerset's ANDA Product does not, and would not, if marketed, infringe any valid and enforceable claim of the '096 Patent;

l. Declaring that the asserted claims of the '096 Patent are invalid;

m. Declaring this an exceptional case in favor of Somerset and awarding its attorneys' fees pursuant to 35 U.S.C. § 285 and/or under all applicable statutes and rules in common law that would be appropriate;

n. Awarding costs and expenses under all applicable statutes and rules in common law that would be appropriate; and

o. Awarding any and all such other relief as the Court determines to be just and proper.

MIDLIGE RICHTER LLC
*Attorneys for Defendants,*
*Somerset Therapeutics, LLC, Somerset Pharma, LLC,*
*Somerset Therapeutics Private Limited f/k/a*
*Somerset Therapeutics Limited and*
*Odin Pharmaceuticals, LLC*

By: *s/ James S. Richter*
James S. Richter
jrichter@midlige-richter.com

Dated: March 27, 2025

***OF COUNSEL:***

Kurt A. Mathas (*pro hac vice* forthcoming)
WINSTON & STRAWN LLP
300 N. LaSalle Dr., Suite 4400
Chicago, IL 60654
(312) 558-5600
kmathas@winston.com

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify, to the best of my knowledge, the same drug and patents are at issue in the following actions currently pending in this District:

- Xeris Pharmaceuticals, Inc. et al. v. Sandoz Inc. et al., 26 CV 2929 (JXN)(JBC)

Somerset is not aware of any other action pending in any court or any pending arbitration or administrative proceeding related to this matter.

*s/ James S. Richter*
James S. Richter

Dated: March 27, 2026

**LOCAL CIVIL RULE 201.1 CERTIFICATION**

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the parties seek, *inter alia*, declaratory relief in their respective pleadings.

I hereby certify under penalty of perjury that the foregoing is true and correct.

*s/ James S. Richter*
James S. Richter

Dated: March 27, 2026

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that a copy of Somerset's foregoing Answer, Separate Defenses, and Counterclaims was filed via ECF and served on all counsel of record by electronic mail on March 27, 2026.

*s/ James S. Richter*
James S. Richter

Dated: March 27, 2026