Charles H. Chevalier
Michael V. Caracappa
Magnolia S. Joodi
**FBT Gibbons LLP**
One Gateway Center
Newark, New Jersey 07102-5310
cchevalier@fbtgibbons.com
mcaracappa@fbtgibbons.com
mjoodi@fbtgibbons.com

*Attorneys for Plaintiffs Xeris Pharmaceuticals, Inc. and Strongbridge Dublin Limited*

OF COUNSEL:

David P. Frazier
Kelly A. Welsh
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Marc N. Zubick
Shelby C. Yuan
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
(312) 876-7606

Ramya Sri Vallabhaneni
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

XERIS PHARMACEUTICALS, INC., AND STRONGBRIDGE DUBLIN LIMITED,

Plaintiffs,

v.

SOMERSET THERAPEUTICS, LLC, SOMERSET PHARMA, LLC, SOMERSET THERAPEUTICS PRIVATE LIMITED f/k/a SOMERSET THERAPEUTICS LIMITED, ODIN PHARMACEUTICALS, LLC, TORRENT PHARMA INC., AND TORRENT PHARMACEUTICALS LIMITED,

Defendants.

Civil Action No. 2:26-cv-02044-JXN-JBC

**PLAINTIFFS' ANSWER TO DEFENDANTS SOMERSET THERAPEUTICS, LLC, SOMERSET PHARMA, LLC, SOMERSET THERAPEUTICS PRIVATE LIMITED f/k/a SOMERSET THERAPEUTICS LIMITED, AND ODIN PHARMACEUTICALS, LLC'S COUNTERCLAIMS**

Plaintiffs/Counterclaim-Defendants Xeris Pharmaceuticals, Inc. ("Xeris") and Strongbridge Dublin Limited ("Strongbridge") (collectively, "Plaintiffs" or "Counterclaim-Defendants"), by their attorneys, answer the Counterclaims filed on March 27, 2026 (ECF No. 19) by Defendants/Counterclaim-Plaintiffs Somerset Therapeutics, LLC, Somerset Pharma, LLC, Somerset Therapeutics Private Limited f/k/a Somerset Therapeutics Limited, and Odin Pharmaceuticals, LLC's (collectively, the "Somerset Defendants" or "Counterclaim Plaintiffs/Defendants"), as follows:

**ANSWER TO SOMERSET'S COUNTERCLAIMS**

Plaintiffs deny each and every allegation in the Somerset Defendants' Counterclaims except as expressly admitted below.

**THE PARTIES**

1. On information and belief, Xeris Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its corporate offices and principal place of business at 1375 W. Fulton St., Suite 1300, Chicago, Illinois 60607.

**ANSWER:** Admitted.

2. On information and belief, Strongbridge Dublin Limited is a private limited company organized and existing under the laws of Ireland, with a principal place of business at 25-28 North Wall Quay, Dublin 1, Ireland.

**ANSWER:** Admitted.

3. Somerset Therapeutics, LLC is a limited liability company organized under the laws of the State of Delaware, having a place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873.

**ANSWER:** Upon information and belief, admitted.

4. Somerset Pharma, LLC is a limited liability company organized under the laws of the State of Delaware, having a place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873.

**ANSWER:** Upon information and belief, admitted.

5. Somerset Therapeutics Private Limited f/k/a Somerset Therapeutics Limited is a corporation organized and existing under the laws of India.

**ANSWER:** Upon information and belief, admitted**.**

6. Odin Pharmaceuticals, LLC is a limited liability company organized under the laws of the State of Delaware, having a place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873.

**ANSWER:** Upon information and belief, admitted**.**

**JURISDICTION AND VENUE**

7. These counterclaims arise under the patent laws of the United States and the Declaratory Judgment Act. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER:** Paragraph 7 contains conclusions of law as to which no answer is required. To the extent a response is required, Plaintiffs state that they do not contest this Court's subject matter jurisdiction over the Somerset Defendants' Counterclaims. Plaintiffs admit that the Somerset Defendants purport to assert declaratory judgment counterclaims. Plaintiffs deny any remaining allegations of Paragraph 7 and further deny that the Somerset Defendants' Counterclaims have any merit and/or that the Somerset Defendants are entitled to any relief pursuant to their Counterclaims.

8. This Court has personal jurisdiction over Counterclaim Defendants/Plaintiffs on the basis of, *inter alia*, their contacts with New Jersey relating to the subject matter of this action, including having filed suit.

**ANSWER:** Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit they have sued the Somerset Defendants in this judicial district in this action. For the purposes of this action only, Plaintiffs do not contest personal jurisdiction in this judicial district. Plaintiffs deny any remaining allegations of Paragraph 8.

9. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

**ANSWER:** Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that they have sued the Somerset Defendants in this judicial district in this action. For the purposes of this action only, Plaintiffs do not contest venue in this judicial district. Plaintiffs deny any remaining allegations of Paragraph 9.

**BACKGROUND**

10. Upon information and belief, Xeris Pharmaceuticals, Inc. holds approved New Drug Application ("NDA") No. 214133 for RECORLEV® brand levoketoconazole tablets.

**ANSWER:** Plaintiffs deny the allegations in Paragraph 10, and state that Strongbridge is the holder of NDA No. 214133 for RECORLEV® levoketoconazole tablets.

11. An NDA must include, among other things, the number of any patent that claims the "drug" or a "method of using [the] drug" for which the NDA was submitted and for which a claim of patent infringement could reasonably be asserted against an authorized party. *See* 21 U.S.C. § 355(b)(1), (c)(2); 21 C.F.R. § 314.53(b), (c)(2).

**ANSWER:** Paragraph 11 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs refer to 21 U.S.C. § 355(b)(1) and (c)(2) and 21 C.F.R. § 314.53(b) and (c)(2) for the true and correct contents thereof.

12. Upon approval of the NDA, the U.S. Food and Drug Administration ("FDA") publishes patent information for the approved drug in the "Approved Drug Products with Therapeutic Equivalence Evaluations," commonly known as the "Orange Book." *See* 21 U.S.C. § 355(j)(7)(A)(iii).

**ANSWER:** Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that the FDA publishes patent information for approved drugs in the Orange Book.

13. U.S. Patent No. 11,020,393 ("the '393 Patent"), titled "Methods of Treating Disease With Levoketoconazole," issued on June 1, 2021.

**ANSWER:** Admitted.

14. U.S. Patent No. 11,278,547 ("the '547 Patent"), titled "Methods of Treating Disease With Levoketoconazole," issued on March 22, 2022.

**ANSWER:** Admitted.

15. U.S. Patent No. 11,903,940 ("the '940 Patent"), titled "Methods of Treating Disease With Levoketoconazole," issued on February 20, 2024.

**ANSWER:** Admitted.

16. U.S. Patent No. 12,377,096 ("the '096 Patent"), titled "Methods of Treating Disease With Levoketoconazole," issued on August 5, 2025.

**ANSWER:** Admitted.

17. Upon information and belief, Xeris Pharmaceuticals, Inc. is the assignee of the '393, '547, '940, and '096 Patents.

**ANSWER:** Admitted.

18. Upon information and belief, Counterclaim Defendants/Plaintiffs caused each of the '393, '547, '940, and '096 Patents to be listed in the Orange Book as a patent that claims such a drug for which NDA No. 214133 was submitted.

**ANSWER:** Paragraph 18 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that the '393 Patent, '547 Patent, '940 Patent, and '096 Patent are listed in the Orange Book as patents that claim the methods of using the drug for which NDA No. 214133 was submitted. Plaintiffs deny any remaining allegations of Paragraph 18.

19. Somerset Therapeutics, LLC submitted Abbreviated New Drug Application ("ANDA") No. 221137 ("Somerset's ANDA") to obtain FDA approval to market a generic version of levoketoconazole tablets ("Somerset's Proposed Product") prior to the expiration of the '393, '547, '940, and '096 Patents.

**ANSWER:** Upon information and belief, admitted.

20. By letter dated February 6, 2026 ("Somerset's Notice Letter"), pursuant to 21 U.S.C. § 355(j)(2)(B), Somerset notified Counterclaim Defendants/Plaintiffs that ANDA No. 221137 includes a Paragraph IV Certification with respect to the '393, '547, '940, and '096 Patents. Somerset's Notice Letter, which is incorporated herein by reference, contained a detailed statement of the factual and legal bases for Somerset's Paragraph IV Certification that the claims of the '393, '547, '940, and '096 Patents are invalid, not infringed, and/or unenforceable.

**ANSWER:** Paragraph 20 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that they received a letter dated February 6,

2026 on behalf of the Somerset Defendants ("Somerset's Notice Letter"), stating that Somerset Therapeutics, LLC had submitted a purported Paragraph IV Certification with respect to the '393, '547, '940, and '096 Patents, and that Somerset's Notice Letter purports to include a detailed statement. Plaintiffs deny any remaining allegations of Paragraph 20 and deny that any of the allegations in the purported detailed statements have merit.

21. On February 26, 2026, Counterclaim Defendants/Plaintiffs filed this instant lawsuit alleging infringement of the '393, '547, '940, and '096 Patents.

**ANSWER:** Admitted.

**COUNT I**

22. Somerset re-alleges and incorporates by reference the allegations in Paragraphs 1 through 21 of its Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiffs incorporate by reference their answer to Paragraphs 1 through 21 above as if fully set forth herein.

23. Counterclaim Defendants/Plaintiffs allege ownership of the '393 Patent and have brought claims against Somerset alleging infringement of the '393 Patent.

**ANSWER:** Plaintiffs admit that the U.S. Patent and Trademark Office ("USPTO") issued the '393 Patent on June 1, 2021, naming Strongbridge as the assignee on the face of the patent. Plaintiffs further admit that Strongbridge assigned its entire right, title, and interest in the '393 Patent to Xeris by assignment executed February 18, 2022 and recorded with the USPTO at Reel 059052, Frame 0695. Plaintiffs admit that they have brought claims against the Somerset Defendants alleging infringement of the '393 Patent. Plaintiffs deny the remaining allegations of Paragraph 23.

24. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset's ANDA and/or the commercial marketing of Somerset's Proposed Product infringe, have infringed, and/or will infringe a valid and enforceable claim of the '393 Patent.

**ANSWER:** Paragraph 24 states a legal conclusion to which no response is required.

To the extent a response is required, Plaintiffs admit that their Complaint includes claims that the Somerset Defendants infringed the ’393 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 221137 with a purported Paragraph IV certification and that the Somerset Defendants’ manufacture, use, sale, offer for sale, or importation into the United States of Somerset’s ANDA Product would induce the infringement of and/or contribute to the infringement of the ’393 Patent in violation of 35 U.S.C. §§ 271(b) and (c). Plaintiffs deny the remaining allegations of Paragraph 24.

25. Somerset has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the ’393 Patent and is not liable for such infringement.

**ANSWER:** Denied.

26. Somerset is entitled to a declaration that the manufacture, use, or sale of Somerset’s Proposed Product would not infringe any valid or enforceable claim of the ’393 Patent.

**ANSWER:** Denied.

**COUNT II**

27. Somerset re-alleges and incorporates by reference the allegations in Paragraphs 1 through 26 of its Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiffs incorporate by reference their answer to Paragraphs 1 through 26 above as if fully set forth herein.

28. Counterclaim Defendants/Plaintiffs allege ownership of the ’393 Patent and have brought claims against Somerset alleging infringement of the ’393 Patent.

**ANSWER:** Plaintiffs admit that the U.S. Patent and Trademark Office (“USPTO”) issued the ’393 Patent on June 1, 2021, naming Strongbridge as the assignee on the face of the patent. Plaintiffs further admit that Strongbridge assigned its entire right, title, and interest in the ’393 Patent to Xeris by assignment executed February 18, 2022 and recorded with the USPTO at Reel 059052, Frame 0695. Plaintiffs admit that they have brought claims against the Somerset

Defendants alleging infringement of the ’393 Patent. Plaintiffs deny the remaining allegations of Paragraph 28.

29. One or more claims of the ’393 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

**ANSWER:** Denied.

30. The ’393 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER:** Denied.

31. The alleged invention of the ’393 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the ’393 Patent is not more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ’393 Patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

32. The subject matter claimed in the ’393 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Denied.

33. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset’s ANDA and/or the commercial marketing of Somerset’s Proposed Product infringes, has infringed, and/or will infringe a valid and enforceable claim of the ’393 Patent.

**ANSWER:** Paragraph 33 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that their Complaint includes claims that the Somerset Defendants infringed the ’393 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 221137 with a purported Paragraph IV certification and that the Somerset Defendants’ manufacture, use, sale, offer for sale, or importation into the United States of

Somerset's ANDA Product would induce the infringement of and/or contribute to the infringement of the '393 Patent in violation of 35 U.S.C. §§ 271(b) and (c). Plaintiffs deny the remaining allegations of Paragraph 33.

34. Somerset is entitled to a declaration that all claims of the '393 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

**ANSWER:** Denied.

**COUNT III**

35. Somerset re-alleges and incorporates by reference the allegations in Paragraphs 1 through 34 of its Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiffs incorporate by reference their answer to Paragraphs 1 through 34 above as if fully set forth herein.

36. Counterclaim Defendants/Plaintiffs allege ownership of the '547 Patent and have brought claims against Somerset alleging infringement of the '547 Patent.

**ANSWER:** Plaintiffs admit that the USPTO issued the '547 Patent on March 22, 2022, naming Strongbridge as the assignee on the face of the patent. Plaintiffs further admit that Strongbridge assigned its entire right, title, and interest in the '547 Patent to Xeris by assignment executed February 18, 2022 and recorded with the USPTO at Reel 071065, Frame 0961. Plaintiffs admit that they have brought claims against the Somerset Defendants alleging infringement of the '547 Patent. Plaintiffs deny the remaining allegations of Paragraph 36.

37. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset's ANDA and/or the commercial marketing of Somerset's Proposed Product infringe, have infringed, and/or will infringe a valid and enforceable claim of the '547 Patent.

**ANSWER:** Paragraph 37 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that their Complaint includes claims that the Somerset Defendants infringed the '547 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 221137 with a purported Paragraph IV certification and that the Somerset

Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Somerset's ANDA Product would induce the infringement of and/or contribute to the infringement of the '547 Patent in violation of 35 U.S.C. §§ 271(b) and (c). Plaintiffs deny the remaining allegations of Paragraph 37.

38. Somerset has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '547 Patent and is not liable for such infringement.

**ANSWER:** Denied.

39. Somerset is entitled to a declaration that the manufacture, use, or sale of Somerset's Proposed Product would not infringe any valid or enforceable claim of the '547 Patent.

**ANSWER:** Denied.

## COUNT IV

40. Somerset re-alleges and incorporates by reference the allegations in Paragraphs 1 through 39 of its Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiffs incorporate by reference their answer to Paragraphs 1 through 39 above as if fully set forth herein.

41. Counterclaim Defendants/Plaintiffs allege ownership of the '547 Patent and have brought claims against Somerset alleging infringement of the '547 Patent.

**ANSWER:** Plaintiffs admit that the USPTO issued the '547 Patent on March 22, 2022, naming Strongbridge as the assignee on the face of the patent. Plaintiffs further admit that Strongbridge assigned its entire right, title, and interest in the '547 Patent to Xeris by assignment executed February 18, 2022 and recorded with the USPTO at Reel 071065, Frame 0961. Plaintiffs admit that they have brought claims against the Somerset Defendants alleging infringement of the '547 Patent. Plaintiffs deny the remaining allegations of Paragraph 41.

42. One or more claims of the '547 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

**ANSWER:** Denied.

43. The ’547 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER:** Denied.

44. The alleged invention of the ’547 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the ’547 Patent is not more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ’547 Patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

45. The subject matter claimed in the ’547 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Denied.

46. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset’s ANDA and/or the commercial marketing of Somerset’s Proposed Product infringes, has infringed, and/or will infringe a valid and enforceable claim of the ’547 Patent.

**ANSWER:** Paragraph 46 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that their Complaint includes claims that the Somerset Defendants infringed the ’547 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 221137 with a purported Paragraph IV certification and that the Somerset Defendants’ manufacture, use, sale, offer for sale, or importation into the United States of Somerset’s ANDA Product would induce the infringement of and/or contribute to the infringement of the ’547 Patent in violation of 35 U.S.C. §§ 271(b) and (c). Plaintiffs deny the remaining allegations of Paragraph 46.

47. Somerset is entitled to a declaration that all claims of the ’547 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

**ANSWER:** Denied.

**COUNT V**

48. Somerset re-alleges and incorporates by reference the allegations in Paragraphs 1 through 47 of its Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiffs incorporate by reference their answer to Paragraphs 1 through 47 above as if fully set forth herein.

49. Counterclaim Defendants/Plaintiffs allege ownership of the ’940 Patent and have brought claims against Somerset alleging infringement of the ’940 Patent.

**ANSWER:** Plaintiffs admit that the USPTO issued the ’940 Patent on February 20, 2024, naming Strongbridge as the assignee on the face of the patent. Plaintiffs further admit that Strongbridge assigned its entire right, title, and interest in the ’940 Patent to Xeris by assignment executed February 18, 2022 and recorded with the USPTO at Reel 071065, Frame 0961. Plaintiffs admit that they have brought claims against the Somerset Defendants alleging infringement of the ’940 Patent. Plaintiffs deny the remaining allegations of Paragraph 49.

50. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset’s ANDA and/or the commercial marketing of Somerset’s Proposed Product infringe, have infringed, and/or will infringe a valid and enforceable claim of the ’940 Patent.

**ANSWER:** Paragraph 50 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that their Complaint includes claims that the Somerset Defendants infringed the ’940 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 221137 with a purported Paragraph IV certification and that the Somerset Defendants’ manufacture, use, sale, offer for sale, or importation into the United States of Somerset’s ANDA Product would induce the infringement of and/or contribute to the infringement of the ’940 Patent in violation of 35 U.S.C. §§ 271(b) and (c). Plaintiffs deny the remaining allegations of Paragraph 50.

51. Somerset has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the ’940 Patent and is not liable for such infringement.

**ANSWER:** Denied.

52. Somerset is entitled to a declaration that the manufacture, use, or sale of Somerset’s Proposed Product would not infringe any valid or enforceable claim of the ’940 Patent.

**ANSWER:** Denied.

## COUNT VI

53. Somerset re-alleges and incorporates by reference the allegations in Paragraphs 1 through 52 of its Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiffs incorporate by reference their answer to Paragraphs 1 through 52 above as if fully set forth herein.

54. Counterclaim Defendants/Plaintiffs allege ownership of the ’940 Patent and have brought claims against Somerset alleging infringement of the ’940 Patent.

**ANSWER:** Plaintiffs admit that the USPTO issued the ’940 Patent on February 20, 2024, naming Strongbridge as the assignee on the face of the patent. Plaintiffs further admit that Strongbridge assigned its entire right, title, and interest in the ’940 Patent to Xeris by assignment executed February 18, 2022 and recorded with the USPTO at Reel 071065, Frame 0961. Plaintiffs admit that they have brought claims against the Somerset Defendants alleging infringement of the ’940 Patent. Plaintiffs deny the remaining allegations of Paragraph 54.

55. One or more claims of the ’940 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

**ANSWER:** Denied.

56. The ’940 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER:** Denied.

57. The alleged invention of the ’940 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the ’940 Patent is not more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ’940 Patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

58. The subject matter claimed in the ’940 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Denied.

59. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset’s ANDA and/or the commercial marketing of Somerset’s Proposed Product infringes, has infringed, and/or will infringe a valid and enforceable claim of the ’940 Patent.

**ANSWER:** Paragraph 59 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that their Complaint includes claims that the Somerset Defendants infringed the ’940 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 221137 with a purported Paragraph IV certification and that the Somerset Defendants’ manufacture, use, sale, offer for sale, or importation into the United States of Somerset’s ANDA Product would induce the infringement of and/or contribute to the infringement of the ’940 Patent in violation of 35 U.S.C. §§ 271(b) and (c). Plaintiffs deny the remaining allegations of Paragraph 59.

60. Somerset is entitled to a declaration that all claims of the ’940 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

**ANSWER:** Denied.

## COUNT VII

61. Somerset re-alleges and incorporates by reference the allegations in Paragraphs 1 through 60 of its Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiffs incorporate by reference their answer to Paragraphs 1 through 60 above as if fully set forth herein.

62. Counterclaim Defendants/Plaintiffs allege ownership of the ’096 Patent and have brought claims against Somerset alleging infringement of the ’096 Patent.

**ANSWER:** Plaintiffs admit that the USPTO issued the ’096 Patent on August 5, 2025, naming Xeris as the assignee on the face of the patent. Plaintiffs further admit that Strongbridge assigned its entire right, title, and interest in the ’096 Patent to Xeris by assignment executed February 18, 2022 and recorded with the USPTO at Reel 071073, Frame 0129. Plaintiffs admit that they have brought claims against the Somerset Defendants alleging infringement of the ’096 Patent. Plaintiffs deny the remaining allegations of Paragraph 62.

63. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset’s ANDA and/or the commercial marketing of Somerset’s Proposed Product infringe, have infringed, and/or will infringe a valid and enforceable claim of the ’096 Patent.

**ANSWER:** Paragraph 63 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that their Complaint includes claims that the Somerset Defendants infringed the ’096 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 221137 with a purported Paragraph IV certification and that the Somerset Defendants’ manufacture, use, sale, offer for sale, or importation into the United States of Somerset’s ANDA Product would induce the infringement of and/or contribute to the infringement of the ’096 Patent in violation of 35 U.S.C. §§ 271(b) and (c). Plaintiffs deny the remaining allegations of Paragraph 63.

64. Somerset has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the ’096 Patent and is not liable for such infringement.

**ANSWER:** Denied.

65. Somerset is entitled to a declaration that the manufacture, use, or sale of Somerset's Proposed Product would not infringe any valid or enforceable claim of the '096 Patent.

**ANSWER:** Denied.

**COUNT VIII**

66. Somerset re-alleges and incorporates by reference the allegations in Paragraphs 1 through 65 of its Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiffs incorporate by reference their answer to Paragraphs 1 through 65 above as if fully set forth herein.

67. Counterclaim Defendants/Plaintiffs allege ownership of the '096 Patent and have brought claims against Somerset alleging infringement of the '096 Patent.

**ANSWER:** Plaintiffs admit that the USPTO issued the '096 Patent on August 5, 2025, naming Xeris as the assignee on the face of the patent. Plaintiffs further admit that Strongbridge assigned its entire right, title, and interest in the '096 Patent to Xeris by assignment executed February 18, 2022 and recorded with the USPTO at Reel 071073, Frame 0129. Plaintiffs admit that they have brought claims against the Somerset Defendants alleging infringement of the '096 Patent. Plaintiffs deny the remaining allegations of Paragraph 67.

68. One or more claims of the '096 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

**ANSWER:** Denied.

69. The '096 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER:** Denied.

70. The alleged invention of the '096 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '096 Patent is not more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '096 Patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

71. The subject matter claimed in the ’096 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Denied.

72. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset’s ANDA and/or the commercial marketing of Somerset’s Proposed Product infringes, has infringed, and/or will infringe a valid and enforceable claim of the ’096 Patent.

**ANSWER:** Paragraph 72 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that their Complaint includes claims that the Somerset Defendants infringed the ’096 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 221137 with a purported Paragraph IV certification and that the Somerset Defendants’ manufacture, use, sale, offer for sale, or importation into the United States of Somerset’s ANDA Product would induce the infringement of and/or contribute to the infringement of the ’096 Patent in violation of 35 U.S.C. §§ 271(b) and (c). Plaintiffs deny the remaining allegations of Paragraph 72.

73. Somerset is entitled to a declaration that all claims of the ’096 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

**ANSWER:** Denied.

## SOMERSET’S PRAYER FOR RELIEF

Plaintiffs deny that the Somerset Defendants are entitled to any of the relief they have requested or to any other relief.

To the extent that a further answer is required to any paragraph of the Somerset Defendants' Counterclaims, Plaintiffs deny all further allegations. Any allegation of the Somerset Defendants' Counterclaims not expressly admitted herein is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Somerset Defendants' Counterclaims, in whole or in part, are barred because they fail to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Somerset Defendants' Counterclaims are barred, in whole or in part, because each of the '393, '547, '940, and '096 Patents (collectively, the "Asserted Patents") was duly and legally issued and is presumed valid and enforceable under 35 U.S.C. § 282. The Somerset Defendants bear the burden of proving invalidity of each asserted claim by clear and convincing evidence. The Somerset Defendants cannot meet that burden.

### THIRD AFFIRMATIVE DEFENSE

The Somerset Defendants' Counterclaims for declaratory judgment of non-infringement are barred, in whole or in part, because the filing of ANDA No. 221137 containing a Paragraph IV certification with respect to the Asserted Patents constitutes an act of infringement as a matter of law under 35 U.S.C. § 271(e)(2)(A).

### FOURTH AFFIRMATIVE DEFENSE

The Somerset Defendants' Counterclaims are barred, in whole or in part, by the doctrine of judicial and/or regulatory estoppel, to the extent that the Somerset Defendants made representations to the FDA in connection with ANDA No. 221137—including but not limited to representations regarding bioequivalence, sameness of active ingredient, and/or proposed

labeling—that are inconsistent with the positions the Somerset Defendants have taken or may take in this litigation regarding non-infringement and/or invalidity of the Asserted Patents.

## FIFTH AFFIRMATIVE DEFENSE

The Somerset Defendants' Counterclaims for declaratory judgment of non-infringement are barred, in whole or in part, to the extent that the Somerset Defendants' proposed labeling for Somerset's ANDA Product includes indications, dosing instructions, or other directions for use that correspond to one or more methods of treatment claimed in the Asserted Patents. The Somerset Defendants cannot disclaim infringement while their proposed labeling directs, instructs, or encourages practitioners and/or patients to practice the patented methods.

## SIXTH AFFIRMATIVE DEFENSE

The Somerset Defendants' Counterclaims are barred, in whole or in part, by the equitable doctrines of waiver and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have not knowingly or intentionally waived any applicable affirmative or other defenses and reserve the right to assert and rely upon such other affirmative and other defenses as may become available or apparent during discovery proceedings. Plaintiffs further reserve the right to amend this Answer and/or affirmative defenses accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A judgment denying all relief sought by the Somerset Defendants;

B. An order dismissing the Somerset Defendants' Counterclaims with prejudice;

C. A judgment, order, and/or injunction granting each and every form of relief sought by Plaintiffs in their Complaint (ECF No. 1);

D. An award to Plaintiffs of their costs and expenses in this action;

E. A finding in Plaintiffs' favor that this case is exceptional, and an award of Plaintiffs' attorneys' fees pursuant to 35 U.S.C. § 285;

F. An award of costs and expenses to Plaintiffs for defending against the Counterclaims; and

G. Such further relief as this Court may deem just and proper.

Date: April 17, 2026

FBT GIBBONS LLP

/s/*Charles H. Chevalier*
Charles H. Chevalier
Michael V. Caracappa
Magnolia S. Joodi
**FBT Gibbons LLP**
mcaracappa@fbtgibbons.com
mjoodi@fbtgibbons.com
One Gateway Center
Newark, New Jersey 07102
Phone: (973) 596-4701
Fax: (973) 639-6294
cchevalier@fbtgibbons.com
mcaracappa@fbtgibbons.com
mjoodi@fbtgibbons.com

*Attorneys for Plaintiffs Xeris Pharmaceuticals, Inc. and Strongbridge Dublin Limited*

OF COUNSEL:

David P. Frazier
Kelly A. Welsh
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Marc N. Zubick
Shelby C. Yuan
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7606

Ramya Sri Vallabhaneni
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **PLAINTIFFS' ANSWER TO DEFENDANTS SOMERSET THERAPEUTICS, LLC, SOMERSET PHARMA, LLC, SOMERSET THERAPEUTICS PRIVATE LIMITED f/k/a SOMERSET THERAPEUTICS LIMITED, AND ODIN PHARMACEUTICALS, LLC'S COUNTERCLAIMS** was caused to be served on all counsel of record by email and ECF on April 17, 2026.

s/ *Charles H. Chevalier*
Charles H. Chevalier