Charles H. Chevalier
Michael V. Caracappa
Magnolia S. Joodi
**FBT Gibbons LLP**
One Gateway Center
Newark, New Jersey 07102-5310
cchevalier@fbtgibbons.com
mcaracappa@fbtgibbons.com
mjoodi@fbtgibbons.com

*Attorneys for Plaintiffs Xeris Pharmaceuticals, Inc. and Strongbridge Dublin Limited*

OF COUNSEL:

David P. Frazier
Kelly A. Welsh
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Marc N. Zubick
Shelby C. Yuan
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
(312) 876-7606

Ramya Sri Vallabhaneni
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| XERIS PHARMACEUTICALS, INC., AND STRONGBRIDGE DUBLIN LIMITED,<br><br>Plaintiffs,<br>v.<br><br>SANDOZ INC., ZYDUS LIFESCIENCES GLOBAL FZE, ZYDUS PHARMACEUTICALS (USA) INC., AND ZYDUS LIFESCIENCES LIMITED,<br><br>Defendants. | Civil Action No. 2:26-cv-02044-JXN-JBC<br><br>**PLAINTIFFS' ANSWER TO DEFENDANTS ZYDUS LIFESCIENCES GLOBAL FZE, ZYDUS PHARMACEUTICALS (USA) INC., AND ZYDUS LIFESCIENCES LIMITED'S COUNTERCLAIMS** |

Plaintiffs/Counterclaim-Defendants Xeris Pharmaceuticals, Inc. ("Xeris") and Strongbridge Dublin Limited ("Strongbridge") (collectively, "Plaintiffs" or "Counterclaim-Defendants"), by their attorneys, answer the Counterclaims filed on May 26, 2026 (ECF No. 28) by Defendants/Counterclaim-Plaintiffs Zydus Lifesciences Global FZE ("Zydus Global"), Zydus Pharmaceuticals (USA) Inc. ("Zydus USA"), and Zydus Lifesciences Limited ("Zydus Lifesciences") (collectively, the "Zydus Defendants" or "Counterclaim Plaintiffs/Defendants"), as follows:

## ANSWER TO ZYDUS'S COUNTERCLAIMS

Plaintiffs deny each and every allegation in the Zydus Defendants' Counterclaims except as expressly admitted below.

## THE PARTIES

1. Zydus Global is an entity organized and existing under the laws of Dubai, United Arab Emirates, having a principal place of business at Fzjo B2601, Jebel Ali Free Zone Dubai, Dubai, United Arab Emirates.

**ANSWER:** Upon information and belief, admitted.

2. Zydus USA is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business at 73 Route 31 N., Pennington, New Jersey 08534.

**ANSWER:** Upon information and belief, admitted.

3. Zydus Lifesciences is an entity organized and existing under the laws of India, having a principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S. G. Highway, Ahmedabad 382 481, India.

**ANSWER:** Upon information and belief, admitted.

4. Upon information and belief, Xeris is a corporation organized and existing under the laws of the State of Delaware, with its corporate offices and principal place of business at 1375 W. Fulton St., Suite 1300, Chicago, Illinois 60607.

**ANSWER:** Admitted.

5. Upon information and belief, Strongbridge is a private limited company organized and existing under the laws of Ireland, with a principal place of business at 25-28 North Wall Quay, Dublin 1, Ireland.

**ANSWER:** Admitted.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

**ANSWER:** Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs state that they do not contest this Court's subject matter jurisdiction over the Zydus Defendants' Counterclaims. Plaintiffs admit that the Zydus Defendants purport to assert counterclaims. Plaintiffs deny any remaining allegations of Paragraph 6 and further deny that the Zydus Defendants' Counterclaims have any merit and/or that the Zydus Defendants are entitled to any relief pursuant to their Counterclaims.

7. This Court has personal jurisdiction over Counterclaim Defendants because Counterclaim Defendants commenced and continue to maintain this action against Counterclaimant in this judicial district.

**ANSWER:** Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit they have sued the Zydus Defendants in this judicial district in this action. For the purposes of this action only, Plaintiffs do not contest personal jurisdiction in this judicial district. Plaintiffs deny any remaining allegations of Paragraph 7.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), 21 U.S.C. § 355(j)(5)(C)(i)(II), and because Counterclaim Defendants commenced and continue to maintain this action against Counterclaimants in this judicial district.

**ANSWER:** Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that they have sued the Zydus Defendants in this judicial district in this action. For the purposes of this action only, Plaintiffs do not contest

venue in this judicial district. Plaintiffs deny any remaining allegations of Paragraph 8.

**REGULATORY FRAMEWORK**

9. Under the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., as amended by the Drug Price Competition and Patent Term Restoration Act, Pub. L. No. 98-417, 98 Stat. 1585 (1984) (codified as amended at 21 U.S.C. § 355 and 35 U.S.C. § 271) (the "Hatch-Waxman Act"), and the Medicare Prescription Drug, Improvement, and Modernization Act, Pub. L. No. 108-173, 117 Stat. 2066 (2003) (codified as amended at 21 U.S.C. § 355 and 35 U.S.C. § 271), a pharmaceutical company seeking approval from the U.S. Food and Drug Administration ("FDA") to sell a new drug must file a New Drug Application ("NDA"), which includes specific data concerning the safety and effectiveness of the drug referenced in the NDA, i.e., the reference-listed drug or RLD.

**ANSWER:** Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs refer to 21 U.S.C. § 355 and 35 U.S.C. § 271 for the true and correct contents thereof.

10. The Hatch-Waxman Act provides that NDA holders shall submit to FDA the patent number and expiration date of any patent that the NDA holder believes "claims the drug for which the applicant submitted the [NDA] . . . and with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the [NDA] owner engaged in the manufacture, use, or sale of the drug." 21 U.S.C. § 355(b)(1). FDA lists the patent number(s) and expiration date(s) in its publication entitled Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book").

**ANSWER:** Paragraph 10 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs refer to 21 U.S.C. § 355(b)(1) for the true and correct contents thereof. Plaintiffs further admit that the FDA publishes patent information for approved drugs in the Orange Book.

**ORANGE BOOK LISTED PATENTS FOR RECORLEV®**

11. Upon information and belief, Strongbridge is the holder of NDA No. 214133 for RECORLEV® (levoketoconazole) tablets, 150 mg.

**ANSWER:** Admitted.

12. United States Patent No. 11,020,393 ("the '393 patent"), titled "Methods of Treating Disease with Levoketoconazole"—a copy of which Counterclaim Defendants purported to attach to their Complaint as Exhibit A—was issued on June 1, 2021. According to the United States Patent and Trademark Office's ("USPTO") Patent Assignment Search database, Reel No.

59052, Frame No. 0695, the ’393 patent is assigned to Xeris. FDA’s Orange Book lists the expiration date of the ’393 patent as March 2, 2040.

**ANSWER:** Plaintiffs admit that United States Patent No. 11,020,393 (“the ’393 Patent”), titled “Methods of Treating Disease with Levoketoconazole”—a copy of which Plaintiffs attached to their Complaint as Exhibit A (ECF No. 1-1)—was issued on June 1, 2021. Plaintiffs further admit that Strongbridge assigned its entire right, title, and interest in the ’393 Patent to Xeris by assignment executed February 18, 2022, and recorded with the USPTO at Reel No. 059052, Frame No. 0695. Plaintiffs further admit that FDA’s Orange Book lists the expiration date of the ’393 patent as March 2, 2040.

13. Upon information and belief, Counterclaim Defendants submitted the ’393 patent to FDA for listing in the Orange Book in connection with NDA No. 214133 for RECORLEV® (levoketoconazole) tablets, 150 mg, on January 27, 2022. Accordingly, Counterclaim Defendants maintain and have affirmatively represented that the ’393 patent claims the approved drug levoketoconazole or a method of using that drug. Therefore, any Abbreviated New Drug Application (“ANDA”) applicant, including Zydus Global, attempting to sell levoketoconazole tablets, 150 mg, before the expiration of the ’393 patent has a reasonable apprehension of suit with respect to the ’393 patent.

**ANSWER:** Paragraph 13 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that the ’393 Patent is listed in the Orange Book as one of the patents that claims the methods of using the drug for which NDA No. 214133 was submitted. Plaintiffs deny any remaining allegations of Paragraph 13.

14. United States Patent No. 11,278,547 (“the ’547 patent”), titled “Methods of Treating Disease with Levoketoconazole”—a copy of which Counterclaim Defendants purported to attach to their Complaint as Exhibit B—was issued on March 22, 2022. According to the USPTO Patent Assignment Search database, Reel No. 71065, Frame No. 0961, the ’547 patent is assigned to Xeris. FDA’s Orange Book lists the expiration date of the ’547 patent as March 2, 2040.

**ANSWER:** Plaintiffs admit that United States Patent No. 11,278,547 (“the ’547 Patent”), titled “Methods of Treating Disease with Levoketoconazole”—a copy of which Plaintiffs attached to their Complaint as Exhibit B (ECF No. 1-2)—was issued on March 22, 2022. Plaintiffs further admit that Strongbridge assigned its entire right, title, and interest in the ’547

Patent to Xeris by assignment executed February 18, 2022, and recorded with the USPTO at Reel No. 071065, Frame No. 0961. Plaintiffs further admit that FDA's Orange Book lists the expiration date of the '547 patent as March 2, 2040.

15. Upon information and belief, Counterclaim Defendants submitted the '547 patent to FDA for listing in the Orange Book in connection with NDA No. 214133 for RECORLEV® (levoketoconazole) tablets, 150 mg, on March 24, 2022. Accordingly, Counterclaim Defendants maintain and have affirmatively represented that the '547 patent claims the approved drug levoketoconazole or a method of using that drug. Therefore, any ANDA applicant, including Zydus Global, attempting to sell levoketoconazole tablets, 150 mg, before the expiration of the '547 patent has a reasonable apprehension of suit with respect to the '547 patent.

**ANSWER:** Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that the '547 Patent is listed in the Orange Book as one of the patents that claims the methods of using the drug for which NDA No. 214133 was submitted. Plaintiffs deny any remaining allegations of Paragraph 15.

16. United States Patent No. 11,903,940 ("the '940 patent"), titled "Methods of Treating Disease with Levoketoconazole"—a copy of which Counterclaim Defendants purported to attach to their Complaint as Exhibit C—was issued on February 20, 2024. According to the USPTO Patent Assignment Search database, Reel No. 71065, Frame No. 0961, the '940 patent is assigned to Xeris. FDA's Orange Book lists the expiration date of the '940 patent as March 2, 2040.

**ANSWER:** Plaintiffs admit that United States Patent No. 11,903,940 ("the '940 Patent"), titled "Methods of Treating Disease with Levoketoconazole"—a copy of which Plaintiffs attached to their Complaint as Exhibit C (ECF No. 1-3)—was issued on February 20, 2024. Plaintiffs further admit that Strongbridge assigned its entire right, title, and interest in the '940 Patent to Xeris by assignment executed February 18, 2022 and recorded with the USPTO at Reel No. 071065, Frame No. 0961. Plaintiffs further admit that FDA's Orange Book lists the expiration date of the '940 patent as March 2, 2040.

17. Upon information and belief, Counterclaim Defendants submitted the '940 patent to FDA for listing in the Orange Book in connection with NDA No. 214133 for RECORLEV® (levoketoconazole) tablets, 150 mg, on March 8, 2024. Accordingly, Counterclaim Defendants maintain and have affirmatively represented that the '940 patent claims the approved drug

levoketoconazole or a method of using that drug. Therefore, any ANDA applicant, including Zydus Global, attempting to sell levoketoconazole tablets, 150 mg, before the expiration of the ’940 patent has a reasonable apprehension of suit with respect to the ’940 patent.

**ANSWER:** Paragraph 17 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that the ’940 Patent is listed in the Orange Book as one of the patents that claims the methods of using the drug for which NDA No. 214133 was submitted. Plaintiffs deny any remaining allegations of Paragraph 17.

18. United States Patent No. 12,377,096 (“the ’096 patent”), titled “Methods of Treating Disease with Levoketoconazole”—a copy of which Counterclaim Defendants purported to attach to their Complaint as Exhibit D—was issued on August 5, 2025. According to the USPTO Patent Assignment Search database, Reel No. 71073, Frame No. 0129, the ’096 patent is assigned to Xeris. FDA’s Orange Book lists the expiration date of the ’096 patent as March 2, 2040.

**ANSWER:** Plaintiffs admit that United States Patent No. 12,377,096 (“the ’096 Patent”), titled “Methods of Treating Disease with Levoketoconazole”—a copy of which Plaintiffs attached to their Complaint as Exhibit D (ECF No. 1-4)—was issued on August 5, 2025. Plaintiffs further admit that Strongbridge assigned its entire right, title, and interest in the ’096 Patent to Xeris by assignment executed February 18, 2022, and recorded with the USPTO at Reel No. 071073, Frame No. 0129. Plaintiffs further admit that FDA’s Orange Book lists the expiration date of the ’096 patent as March 2, 2040.

19. Upon information and belief, Counterclaim Defendants submitted the ’096 patent to FDA for listing in the Orange Book in connection with NDA No. 214133 for RECORLEV® (levoketoconazole) tablets, 150 mg, on August 12, 2025. Accordingly, Counterclaim Defendants maintain and have affirmatively represented that the ’096 patent claims the approved drug levoketoconazole or a method of using that drug. Therefore, any ANDA applicant, including Zydus Global, attempting to sell levoketoconazole tablets, 150 mg, before the expiration of the ’096 patent has a reasonable apprehension of suit with respect to the ’096 patent.

**ANSWER:** Paragraph 19 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that the ’096 Patent is listed in the Orange Book as one of the patents that claims the methods of using the drug for which NDA No. 214133 was submitted. Plaintiffs deny any remaining allegations of Paragraph 19.

**ZYDUS GLOBAL'S ANDA**

20. On December 30, 2025, Zydus Global submitted ANDA No. 220935 to FDA under 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial importation, manufacture, use, or sale of levoketoconazole tablets, 150 mg ("the Proposed ANDA Product").

**ANSWER:** Upon information and belief, admitted.

21. Because Zydus Global seeks FDA approval to engage in the commercial importation, manufacture, use, or sale of the Proposed ANDA Product before the expiration of the '393, '547, '940, and '096 patents, ANDA No. 220935 included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") with respect to the '393, '547, '940, and '096 patents.

**ANSWER:** Upon information and belief, admitted.

22. Zydus Global sent a letter dated March 3, 2026 ("Zydus Global's Notice Letter") to Counterclaim Defendants pursuant to 21 U.S.C. § 355(j)(2)(B) of the Food, Drug, and Cosmetic Act notifying Counterclaim Defendants that Zydus Global submitted ANDA No. 220935 to FDA seeking approval to engage in the commercial manufacture, use, sale, or importation of the Proposed ANDA Product in or into the United States and that ANDA No. 220935 includes a Paragraph IV Certification with respect to the '393, '547, '940, and '096 patents.

**ANSWER:** Plaintiffs admit that they received a letter dated March 3, 2026, on behalf of the Zydus Defendants ("Zydus Global's Notice Letter") stating that Zydus Global had submitted a purported Paragraph IV Certification with respect to the '393, '547, '940, and '096 Patents. Plaintiffs further admit that Zydus Global's Notice Letter stated that Zydus Global sought approval to engage in the commercial manufacture, use, sale, or importation of the Proposed ANDA Product in or into the United States. Plaintiffs deny any remaining allegations of Paragraph 22 and deny that any of the allegations in the purported detailed statements have merit.

23. Zydus Global's Notice Letter includes a detailed statement of the factual and legal bases in support of Zydus Global's Paragraph IV Certification for the '393, '547, '940, and '096 patents.

**ANSWER:** Paragraph 23 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that they received a letter dated March 3, 2026, on behalf of the Zydus Defendants ("Zydus Global's Notice Letter") stating that Zydus Global

had submitted a purported Paragraph IV Certification with respect to the ’393, ’547, ’940, and ’096 Patents, and that Zydus Global’s Notice Letter purports to include a statement of the factual and legal bases in support of Zydus Global’s Paragraph IV Certification. Plaintiffs deny any remaining allegations of Paragraph 23 and deny that any of the allegations in the purported detailed statements have merit.

**COUNT I**

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 11,020,393)**

24. Counterclaimants repeat and reallege the allegations in paragraphs 1-23 above as though fully set forth herein.

**ANSWER:** Plaintiffs incorporate by reference their answer to Paragraphs 1 through 23 above as if fully set forth herein.

25. By asserting their claim against Counterclaimants for infringement of the ’393 patent, Counterclaim Defendants have created a case or controversy regarding the noninfringement of the ’393 patent.

**ANSWER:** Paragraph 25 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that their Complaint includes claims that the Zydus Defendants infringed the ’393 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 220935 with a purported Paragraph IV certification and that the Zydus Defendants’ manufacture, use, sale, offer for sale, or importation into the United States of Zydus’s ANDA Product would induce the infringement of and/or contribute to the infringement of the ’393 Patent in violation of 35 U.S.C. §§ 271(b) and (c). Plaintiffs deny the remaining allegations of Paragraph 25.

26. The commercial importation, manufacture, use, sale, and/or offer to sell within, the United States of the Proposed ANDA Product would not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the ’393 patent.

**ANSWER:** Denied.

**COUNT II**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 11,020,393)**

27. Counterclaimants repeat and reallege the allegations in paragraphs 1-26 above as though fully set forth herein.

**ANSWER:** Plaintiffs incorporate by reference their answer to Paragraphs 1 through 26 above as if fully set forth herein.

28. By asserting their claim against Counterclaimants for infringement of the ’393 patent, Counterclaim Defendants have created a case or controversy regarding the validity of the ’393 patent for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and/or 112, and/or obviousness-type double patenting.

**ANSWER:** Paragraph 28 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that their Complaint includes claims that the Zydus Defendants infringed the ’393 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 220935 with a purported Paragraph IV certification and that the Zydus Defendants’ manufacture, use, sale, offer for sale, or importation into the United States of Zydus’s ANDA Product would induce the infringement of and/or contribute to the infringement of the ’393 Patent in violation of 35 U.S.C. §§ 271(b) and (c). Plaintiffs deny the remaining allegations of Paragraph 28.

29. The claims of the ’393 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and/or 112.

**ANSWER:** Denied.

**COUNT III**

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 11,278,547)**

30. Counterclaimants repeat and reallege the allegations in paragraphs 1-29 above as though fully set forth herein.

**ANSWER:** Plaintiffs incorporate by reference their answer to Paragraphs 1 through 29

above as if fully set forth herein.

31. By asserting their claim against Counterclaimants for infringement of the ’547 patent, Counterclaim Defendants have created a case or controversy regarding the noninfringement of the ’547 patent.

**ANSWER:** Paragraph 31 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that their Complaint includes claims that the Zydus Defendants infringed the ’547 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 220935 with a purported Paragraph IV certification and that the Zydus Defendants’ manufacture, use, sale, offer for sale, or importation into the United States of Zydus’s ANDA Product would induce the infringement of and/or contribute to the infringement of the ’547 Patent in violation of 35 U.S.C. §§ 271(b) and (c). Plaintiffs deny the remaining allegations of Paragraph 31.

32. The commercial importation, manufacture, use, sale, and/or offer to sell within, the United States of the Proposed ANDA Product would not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the ’547 patent.

**ANSWER:** Denied.

**COUNT IV**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 11,278,547)**

33. Counterclaimants repeat and reallege the allegations in paragraphs 1-32 above as though fully set forth herein.

**ANSWER:** Plaintiffs incorporate by reference their answer to Paragraphs 1 through 32 above as if fully set forth herein.

34. By asserting their claim against Counterclaimants for infringement of the ’547 patent, Counterclaim Defendants have created a case or controversy regarding the validity of the ’547 patent for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and/or 112, and/or obviousness-type double patenting.

**ANSWER:** Paragraph 34 states a legal conclusion to which no response is required. To

the extent a response is required, Plaintiffs admit that their Complaint includes claims that the Zydus Defendants infringed the ’547 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 220935 with a purported Paragraph IV certification and that the Zydus Defendants’ manufacture, use, sale, offer for sale, or importation into the United States of Zydus’s ANDA Product would induce the infringement of and/or contribute to the infringement of the ’547 Patent in violation of 35 U.S.C. §§ 271(b) and (c). Plaintiffs deny the remaining allegations of Paragraph 34.

35. The claims of the ’547 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and/or 112.

**ANSWER:** Denied.

**COUNT V**

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 11,903,940)**

36. Counterclaimants repeat and reallege the allegations in paragraphs 1-35 above as though fully set forth herein.

**ANSWER:** Plaintiffs incorporate by reference their answer to Paragraphs 1 through 35 above as if fully set forth herein.

37. By asserting their claim against Counterclaimants for infringement of the ’940 patent, Counterclaim Defendants have created a case or controversy regarding the noninfringement of the ’940 patent.

**ANSWER:** Paragraph 37 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that their Complaint includes claims that the Zydus Defendants infringed the ’940 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 220935 with a purported Paragraph IV certification and that the Zydus Defendants’ manufacture, use, sale, offer for sale, or importation into the United States of Zydus’s ANDA Product would induce the infringement of and/or contribute to the infringement of the

’940 Patent in violation of 35 U.S.C. §§ 271(b) and (c). Plaintiffs deny the remaining allegations of Paragraph 37.

38. The commercial importation, manufacture, use, sale, and/or offer to sell within, the United States of the Proposed ANDA Product would not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the ’940 patent.

**ANSWER:** Denied.

**COUNT VI**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 11,903,940)**

39. Counterclaimants repeat and reallege the allegations in paragraphs 1-38 above as though fully set forth herein.

**ANSWER:** Plaintiffs incorporate by reference their answer to Paragraphs 1 through 38 above as if fully set forth herein.

40. By asserting their claim against Counterclaimants for infringement of the ’940 patent, Counterclaim Defendants have created a case or controversy regarding the validity of the ’940 patent for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and/or 112, and/or obviousness-type double patenting.

**ANSWER:** Paragraph 40 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that their Complaint includes claims that the Zydus Defendants infringed the ’940 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 220935 with a purported Paragraph IV certification and that the Zydus Defendants’ manufacture, use, sale, offer for sale, or importation into the United States of Zydus’s ANDA Product would induce the infringement of and/or contribute to the infringement of the ’940 Patent in violation of 35 U.S.C. §§ 271(b) and (c). Plaintiffs deny the remaining allegations of Paragraph 40.

41. The claims of the ’940 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and/or 112.

**ANSWER:** Denied.

**COUNT VII**

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 12,377,096)**

42. Counterclaimants repeat and reallege the allegations in paragraphs 1-41 above as though fully set forth herein.

**ANSWER:** Plaintiffs incorporate by reference their answer to Paragraphs 1 through 41 above as if fully set forth herein.

43. By asserting their claim against Counterclaimants for infringement of the ’096 patent, Counterclaim Defendants have created a case or controversy regarding the noninfringement of the ’096 patent.

**ANSWER:** Paragraph 43 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that their Complaint includes claims that the Zydus Defendants infringed the ’096 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 220935 with a purported Paragraph IV certification and that the Zydus Defendants’ manufacture, use, sale, offer for sale, or importation into the United States of Zydus’s ANDA Product would induce the infringement of and/or contribute to the infringement of the ’096 Patent in violation of 35 U.S.C. §§ 271(b) and (c). Plaintiffs deny the remaining allegations of Paragraph 43.

44. The commercial importation, manufacture, use, sale, and/or offer to sell within, the United States of the Proposed ANDA Product would not and will not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the ’096 patent.

**ANSWER:** Denied.

**COUNT VIII**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 12,377,096)**

45. Counterclaimants repeat and reallege the allegations in paragraphs 1-44 above as though fully set forth herein.

**ANSWER:** Plaintiffs incorporate by reference their answer to Paragraphs 1 through 44

above as if fully set forth herein.

46. By asserting their claim against Counterclaimants for infringement of the ’096 patent, Counterclaim Defendants have created a case or controversy regarding the validity of the ’096 patent for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and/or 112, and/or obviousness-type double patenting.

**ANSWER:** Paragraph 46 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that their Complaint includes claims that the Zydus Defendants infringed the ’096 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 220935 with a purported Paragraph IV certification and that the Zydus Defendants’ manufacture, use, sale, offer for sale, or importation into the United States of Zydus’s ANDA Product would induce the infringement of and/or contribute to the infringement of the ’096 Patent in violation of 35 U.S.C. §§ 271(b) and (c). Plaintiffs deny the remaining allegations of Paragraph 46.

47. The claims of the ’096 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and/or 112.

**ANSWER:** Denied.

## ZYDUS’S PRAYER FOR RELIEF

Plaintiffs deny that the Zydus Defendants are entitled to any of the relief they have requested or to any other relief.

To the extent that a further answer is required to any paragraph of the Zydus Defendants’ Counterclaims, Plaintiffs deny all further allegations. Any allegation of the Zydus Defendants’ Counterclaims not expressly admitted herein is hereby denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Zydus Defendants' Counterclaims, in whole or in part, are barred because they fail to state claims upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Zydus Defendants' Counterclaims are barred, in whole or in part, because each of the '393, '547, '940, and '096 Patents (collectively, the "Asserted Patents") was duly and legally issued and is presumed valid and enforceable under 35 U.S.C. § 282. The Zydus Defendants bear the burden of proving invalidity of each asserted claim by clear and convincing evidence. The Zydus Defendants cannot meet that burden.

**THIRD AFFIRMATIVE DEFENSE**

The Zydus Defendants' Counterclaims for declaratory judgment of non-infringement are barred, in whole or in part, because the filing of ANDA No. 220935 containing a Paragraph IV certification with respect to the Asserted Patents constitutes an act of infringement as a matter of law under 35 U.S.C. § 271(e)(2)(A).

**FOURTH AFFIRMATIVE DEFENSE**

The Zydus Defendants' Counterclaims are barred, in whole or in part, by the doctrine of judicial and/or regulatory estoppel, to the extent that the Zydus Defendants made representations to the FDA in connection with ANDA No. 220935—including but not limited to representations regarding bioequivalence, sameness of active ingredient, and/or proposed labeling—that are inconsistent with the positions the Zydus Defendants have taken or may take in this litigation regarding non-infringement and/or invalidity of the Asserted Patents.

**FIFTH AFFIRMATIVE DEFENSE**

The Zydus Defendants' Counterclaims for declaratory judgment of non-infringement are barred, in whole or in part, to the extent that the Zydus Defendants' proposed labeling for Zydus's

ANDA Product includes indications, dosing instructions, or other directions for use that correspond to one or more methods of treatment claimed in the Asserted Patents. The Zydus Defendants cannot disclaim infringement while their proposed labeling directs, instructs, or encourages practitioners and/or patients to practice the patented methods.

**SIXTH AFFIRMATIVE DEFENSE**

The Zydus Defendants' Counterclaims are barred, in whole or in part, by the equitable doctrines of waiver and/or estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs have not knowingly or intentionally waived any applicable affirmative or other defenses and reserve the right to assert and rely upon such other affirmative and other defenses as may become available or apparent during discovery proceedings. Plaintiffs further reserve the right to amend this Answer and/or affirmative defenses accordingly.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A judgment denying all relief sought by the Zydus Defendants;

B. An order dismissing the Zydus Defendants' Counterclaims with prejudice;

C. A judgment, order, and/or injunction granting each and every form of relief sought by Plaintiffs in their Complaint (ECF No. 1);

D. An award to Plaintiffs of their costs and expenses in this action;

E. A finding in Plaintiffs' favor that this case is exceptional, and an award of Plaintiffs' attorneys' fees pursuant to 35 U.S.C. § 285;

F. An award of costs and expenses to Plaintiffs for defending against the Counterclaims; and

G. Such further relief as this Court may deem just and proper.

Date: June 15, 2026

/s/ Charles H. Chevalier
Charles H. Chevalier
Michael V. Caracappa
Magnolia S. Joodi
**FBT Gibbons LLP**
One Gateway Center
Newark, New Jersey 07102
Phone: (973) 596-4701
Fax: (973) 639-6294
cchevalier@fbtgibbons.com
mcaracappa@fbtgibbons.com
mjoodi@fbtgibbons.com

*Attorneys for Plaintiffs Xeris Pharmaceuticals, Inc. and Strongbridge Dublin Limited*

OF COUNSEL:

David P. Frazier
Kelly A. Welsh
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Marc N. Zubick
Shelby C. Yuan
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7606

Ramya Sri Vallabhaneni
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **PLAINTIFFS' ANSWER TO DEFENDANTS ZYDUS LIFESCIENCES GLOBAL FZE, ZYDUS PHARMACEUTICALS (USA) INC., AND ZYDUS LIFESCIENCES LIMITED'S COUNTERCLAIMS** was caused to be served on all counsel of record by email and ECF on June 15, 2026.

s/ Charles H. Chevalier
Charles H. Chevalier